CITY OF MILWAUKEE, Respondent, v. TRZESNIEWSKI, Appellant.

*May 12—June 6, 1967.*

488

For the appellant the cause was submitted on the brief of *Clyde E. Sheets* of Milwaukee.

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Herbert F. Sonnenberg,* assistant city attorney, and oral argument by *Mr. Sonnenberg.*

HANLEY, J. The following issues are raised on this appeal:

1. Is sec. 2–101 of the Milwaukee Code of Ordinances, providing for the right of entry of a health officer without a search warrant in violation of arts. IV and XIV of the amendments to the United States constitution and sec. 11, art. I Wisconsin constitution?

2. Does the supreme court in a county court municipal forfeiture action have jurisdiction to determine a direct

appeal from an order denying a motion to dismiss on the grounds of a general demurrer?

The court will first consider the issue of appealability to this court.

The basic statute governing appeals directly to this court from county court is sec. 324.01, Stats., which provides in part:

"**Appeals from county court.** Any person aggrieved by any order or judgment of the county court may appeal therefrom to the supreme court, and the provisions of chapter 274 shall apply. . . ."

This section has traditionally been restricted to probate matters [1] and is not applicable to the instant case.

Ch. 274, Stats., which applies to civil actions other than probate matters limits appeal from county court to the supreme court to instances where no provision is made for appeal to circuit court.[2]

Forfeiture actions for city ordinance violation are governed by chs. 66, 288, 299, and 345, Stats. Chs. 288 and 345 referred to in sec. 299.01 (2) are not applicable to this case. Ch. 288 makes no provision for appeal, and ch. 345 does not apply.[3]

[1] *Oremus v. Wynhoff* (1963), 19 Wis. (2d) 622, 121 N. W. (2d) 161.

[2] "274.09 **Appeals to supreme court, where allowed.** (1) Appeals to the supreme court may be taken from the circuit courts unless expressly denied and also from the county courts except where express provision is made for an appeal to the circuit court and from any court of record having civil jurisdiction when no other court of appeal is provided. . . ."

[3] "1961 Wisconsin Bill No. 236, A., would have repealed and renumbered several sections of ch. 345, Stats., and would have created, in addition, a complete procedural scheme for traffic forfeiture cases. Appeals from trials to the court or to a six-man jury would have been to circuit court. Appeals from verdicts of a 12-man jury would have been to supreme court under ch. 274. The bill was vetoed." *Milwaukee County v. Caldwell* (1966), 31 Wis. (2d) 286, 289, footnote 2, 143 N. W. (2d) 41.

Sec. 66.12 (2), Stats., states in part:

"(2) APPEALS. Appeals in actions to recover forfeitures and penalties imposed by any ordinance, resolution or bylaw of the city or village may be taken either by the defendant or by such municipality to the circuit court. . . ."

This section clearly provides for appeal to the circuit court in actions to recover forfeitures and penalties.

It is defendant's contention that the language immediately following the above-quoted portion of sec. 66.12 (2), Stats., is qualifying language to the effect that there must be a judgment before an appeal is authorized to the circuit court.

The language in sec. 66.12 (2), Stats., relied on by the defendant reads:

". . . Appeals from justice court shall be taken in the same manner as from judgment in civil actions by justices of the peace. Appeals from county court shall be taken in accordance with the provisions of ch. 299, except that any appeal from wherever taken shall be perfected within 5 days after judgment is entered. . . ."

The sections of ch. 299, Stats., applicable to this case are secs. 299.01 (2) and 299.30 (1) and (2).

Sec. 299.01 (2), Stats., reads as follows:

"(2) FORFEITURES. Actions to recover forfeitures except as a different procedure is prescribed in chs. 66, 288 and 345, or elsewhere, and such different procedures shall apply equally to the state, a county or a municipality regardless of any limitation contained therein; . . ."

Sec. 299.30 (1), Stats., provides:

"Appeal. (1) ORDERS. An appeal may be taken to the circuit court from orders denying motions or petitions made under ss. 299.14, 299.28 and 299.29 within 20 days of entry of such order."

It is interesting to note that secs. 299.14, 299.28 and 299.29, Stats., involve orders that concern judgments.

Sec. 299.14 refers to actions commenced by mailing and, in effect, refers to judgments entered as a result of failure of notice. Sec. 299.28 refers to orders denying motions for a new trial after verdict. Sec. 299.29 refers to motions to reopen default judgments.

The above-quoted provisions of ch. 299, Stats., indicate a legislative intent to permit appeals in forfeiture cases only from judgments or orders involving or concerning judgments.

Sec. 299.30 (2), Stats., provides for an appeal directly to the supreme court if an action is tried with a 12-man jury. By implication actions tried by the court or a six-man jury would not be appealable to the supreme court. The above provision is not applicable to the case at bar since there was only a demand for a 12-man jury and not a trial of the case.

Under sec. 299.30 (1), Stats., we believe appeals are allowed only from judgments and orders under secs. 299.14, 299.28, and 299.29, which, in effect, involve judgments.

Traditionally, since the creation of the first district court of Milwaukee county having jurisdiction of forfeiture actions for violation of city ordinances appeals were permitted only from judgments.

Ch. 218, sec. 18, Laws of 1899, provided as follows:

"SECTION 18. Every person convicted before said district court may appeal from the sentence or judgment against him to the municipal court of said city and county of Milwaukee, within the time and in the manner as is now provided by law for appeals in criminal cases from justices of the peace of the county of Milwaukee. Said municipal court is empowered to hear, try and determine such appeals and all provisions of law relating to appeals in criminal cases from justices courts, and the trial and determination thereof shall apply to appeals from said district court to the municipal court."

The district court referred to in the above statute is now a county court consisting of three branches and the

municipal court referred to in the above statute is now a circuit court since court reorganization pursuant to ch. 495, Laws of 1961.

We think there is merit to the city's position that a demurrer is not a proper pleading in a forfeiture action and that defendant's plea should have been one of "not guilty."

Sec. 66.12 (1) (a), Stats., states in part:

". . . In all actions hereunder the defendant's plea shall be guilty, not guilty or nolo contendere and shall be entered as not guilty on failure to plead, which plea of not guilty shall put all matters in such case at issue, any other provision of law notwithstanding."

Defendant's pleading in the instant case was a motion to dismiss and was not labeled a demurrer. However, the language in support of the motion to dismiss incorporated the language of a general demurrer on the grounds the complaint did not state facts sufficient to constitute a cause of action.

The defendant's demurrer not being a proper pleading leaves the defendant's pleading as a motion to dismiss. An order denying a motion to dismiss would not in any event be an appealable order. *Szuszka v. Milwaukee* (1961), 15 Wis. (2d) 241, 112 N. W. (2d) 699.

We conclude that sec. 299.30 (1) and (2), Stats., contemplates appeals from judgments or orders involving judgments and that the appeal is to the circuit court and not the supreme court, except where the forfeiture action was tried to a 12-man jury.

Because the appeal here is not from a judgment or an order under sec. 299.14, 299.28, or 299.29, Stats. (which sections concern judgments) this court has no jurisdiction to take up this appeal, and it therefore must be dismissed. As a result, we do not reach the merits of defendant's contention that sec. 2–101 of the Milwaukee Code of Ordinances is unconstitutional.

*By the Court.*—Appeal dismissed without costs.