BOHLMAN, Respondent, v. MUTUAL INDEMNITY COMPANY (now RELIABLE LIFE & CASUALTY COMPANY) and another, Appellants.

*No. 203. Argued March 31, 1969.—Decided May 6, 1969.*
(Also reported in 167 N. W. 2d 196.)

For the appellants there was a brief and oral argument by *John T. Harrington* of Madison.

For the respondent there was a brief by *Donald Haberman* of Milwaukee, and *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *J. Robert Kaftan*.

ROBERT W. HANSEN, J.   The suggestion, "Let sleeping dogs lie" does not apply to slumbering canines alone. It was followed by both counsel and court in this case.

The action (arising out of the termination of a contract to sell insurance) was commenced in 1958. The summons, complaint, notice of retainer and answer were filed in 1958. In 1959, a notice of trial was served and filed. In 1961, at a pretrial conference, it was agreed that no further steps would be taken until a related case, then being appealed, was decided. In 1964, plaintiff's counsel requested a date be set for trial. In 1967, the case was ordered dismissed by a judge to whom the case had not been assigned, which order was rescinded. In 1968, plaintiff's counsel requested a pretrial conference be scheduled which was done. Such pretrial was set for May 17, 1968. Prior to this date, defendant's counsel moved for an order dismissing the action pursuant to sec. 269.25, Stats.,[1] which order was denied. All this

---

[1] "The court may without notice dismiss any action or proceeding which is not brought to trial within five years after its commencement."

while time went by. Some of the time is accounted for by the agreement of parties and the court to await the ruling in a related case, but most of the time reveals an indisposition of counsel and court to disturb Rip Van Winkle's slumbering. The question raised on this appeal: Was the court required to grant the motion for dismissal?

The question gets to this court, but this court does not get to the question because an order denying a motion to dismiss under sec. 269.25, Stats., is not appealable. The issue of appealability is not raised by either party or in either brief on this appeal. However, it cannot be swept under the rug because it goes to the question of jurisdiction.[2] The order here involved does not prevent a judgment from which an appeal may be taken (which would make it appealable under sec. 274.33 (2)). It is not one of the orders enumerated in sec. 274.33. It does not come here on an appeal from a judgment (which would make it reviewable under sec. 274.34).[3] It does not involve a proceeding to revive or deny revival of an action which can be regarded as a final order and therefore appealable under sec. 274.33 (2) (a).[4]

The legislature has not made the denial of a motion to dismiss based on lapse of time an appealable order. We see no reason why it should do so, but it is enough here to note that it has not done so.

*By the Court.*—Appeal dismissed.

WILKIE, J., took no part.

---

[2] "The question of whether the order appealed from is appealable has not been raised. However, parties cannot, either by failure to raise the question or by consent, confer jurisdiction upon an appellate court to review an order which is not appealable." *Szuszka v. Milwaukee* (1961), 15 Wis. 2d 241, 243, 112 N. W. 2d 699.

[3] *Milwaukee v. Trzesniewski* (1967), 35 Wis. 2d 487, 151 N. W. 2d 109.

[4] *See Voss v. Stoll* (1910), 141 Wis. 267, 124 N. W. 89; *Pereles v. Christensen* (1916), 164 Wis. 163, 159 N. W. 817; *Wills v. Shepard* (1924), 184 Wis. 26, 198 N. W. 618.