PEOPLE *v.* BUCHANAN

CRIMINAL LAW — SENTENCES — MINIMUM SENTENCE — TRAINING UNIT.

> The trial court's sentencing a defendant, who pled guilty of assault with intent to rob being armed, to four to fifteen years in the penitentiary with the recommendation that the defendant be sent to the Michigan Training Unit in order to obtain a high school education satisfactorily provided a minimum sentence because the recommendation that the defendant be sent to the Michigan Training Unit did not impose an addition or alternative sentence (MCLA §§ 750.89, 769.9).

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J.   Submitted Division 1 June 18, 1970, at Detroit.   (Docket No. 8,559.)   Decided October 6, 1970.

Dwain Gregory Buchanan was convicted, on his plea of guilty, of assault with intent to rob being armed.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Seth H. Barsky,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 533 *et seq.*

Before: Lesinski, C. J., and Holbrook and T. M. Burns, JJ.

Per Curiam.    Defendant Dwain Gregory Buchanan was charged with armed robbery and, at a hearing on July 30, 1969, in the Recorder's Court in the City of Detroit, defendant entered a plea of guilty to the included offense of assault with intent to rob being armed.[1]  On Tuesday, August 19, 1969, defendant was sentenced to serve from four to fifteen years with the recommendation that he be sent to the Michigan Training Unit.

Defendant, on appeal, contends that the trial court did not fix a minimum sentence as required by statute.   The applicable statutes provide:

"Any person, being armed with a dangerous weapon, or any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon, who shall assault another with intent to rob and steal shall be guilty of a felony, punishable by imprisonment in the state prison for life, or for any term of years."   CL 1948, § 750.89  (Stat Ann 1962 Rev § 28.284).

"The provisions of this chapter, relative to indeterminate sentences, shall not apply to any person convicted of an offense, the only punishment for which prescribed by law is imprisonment for life: Provided, That in all cases where the maximum sentence in the discretion of the court may be for life or any number of years, the court imposing the sentence shall fix both the minimum and maximum sentence."   CL 1948, § 769.9, as amended by PA 1957, No 193 (Stat Ann 1970 Cum Supp § 28.1081).

The trial court used the following language when it sentenced the defendant:

---

[1] CL 1948, § 750.89  (Stat Ann 1962 Rev § 28.284).

"The sentence of the court will be four to fifteen years with the recommendation that you go to the Michigan Training Unit."

The defendant contends that when the language used to sentence the defendant (including the recommendation) is read along with the court's inquiry into the educational background of the defendant,[2] it becomes obvious that the trial court passed a sentence to allow defendant to complete his high school education. Therefore, contends the defendant, the court's directions have resulted in three penalties, i.e., four years, fifteen years, and a high school education.

Defendant's contention has no merit. It is clear from the language used by the trial court that defendant was sentenced to serve from four to fifteen years. There is both a minimum and a maximum penalty. The recommendation that defendant be sent to the Michigan Training Unit does not impose an additional sentence. The statutory requirements were satisfied by the trial court.

Defendant also states that the trial court's recommendation has not been followed by the Correction Commission. Defendant contends that the recommendation is just as binding upon the Correction Commission as the length of the sentence imposed. We find it unnecessary to decide this question. An inquiry by this Court found the defendant under the custody of the Michigan Training Unit. The recommendation has, therefore, been followed.

Affirmed.

---

[2] The Court questioned the defendant about his ninth grade education and said that the court was going to try to get him into the Michigan Training Unit. "They want to get you through high school and get you a trade."