WISTH and wife, Respondents, v. MITCHELL, Appellant.

*No. 239.   Argued October 5, 1971.—Decided November 2, 1971.*
(Also reported in 190 N. W. 2d 879.)

For the appellant there was a brief by *Honeck, Mantyh & Arndt* of Milwaukee, and oral argument by *William J. Mantyh.*

For the respondents there was a brief by *Levin, Blumenthal, Herz & Levin,* and oral argument by *Stephen L. Chernof,* all of Milwaukee.

CONNOR T. HANSEN, J. The complaint alleges that the plaintiffs are the owners of certain real estate located in the city of Milwaukee which, by oral agreement, was leased to the defendant and used by him in connection with the operation of a tavern business. The complaint further alleges that defendant has failed to pay the rent and, following proper notice by plaintiffs to vacate the premises, has failed to vacate. It appears the parties dispute the exact term of the lease.

*Issues.*

There are two issues on appeal:
1. Is the order of the circuit court appealable?
2. Did the county court lack subject matter jurisdiction over unlawful detainer actions?

*Is the order appealable?*

This issue is raised for the first time on appeal and is predicated upon the provisions of sec. 274.33 (3), Stats., which provides:

"274.33 **Appealable orders.** The following orders when made by the court may be appealed to the supreme court:
"...

"(3) When an order grants, refuses, continues or modifies a provisional remedy or grants, refuses, modifies or dissolves an injunction, sets aside or dismisses a writ of attachment, grants a new trial or sustains or overrules a demurrer, decides a question of jurisdiction, grants or denies a motion for stay of proceeding under s. 262.19, determines an issue submitted under s. 263.225, or denies an application for summary judgment, *but no order of the circuit court shall be considered appealable which simply reverses or affirms an order of the civil court of Milwaukee county, unless the order of the civil court grants, refuses, continues, modifies or dissolves a provisional remedy or injunction.*" (Emphasis added.)

The civil court of Milwaukee was created by ch. 549, Laws of 1909. Over a long period of years, the legislature established, by specific acts, many special courts throughout the state of Wisconsin. There were wide variances in both jurisdiction and procedure in the numerous special courts throughout the state.

In 1959, the legislature enacted the Court Reorganization Act, ch. 315, Laws of 1959, which became effective the first Monday in January, 1962. This was an act "relating to reorganization of the courts into a system consisting of a supreme court, circuit courts, county courts, and justices of the peace." [2] The Court Reorganization Act abolished some special courts and incorpo-

---

[2] The office of justice of the peace was abolished by constitutional amendment adopted April 5, 1966, art. VII, sec. 2, Wisconsin Constitution.

rated or transferred the jurisdiction of others into that of county and circuit courts. Thus, in the instance of the previously existing civil court of Milwaukee county, its jurisdiction and function was transferred to and included in that of certain branches of Milwaukee county courts as created by the Court Reorganization Act.

Secs. 18 and 27 of ch. 315, Laws of 1959, provide as follows:

"Section 18. . . .

"  .  .  .

"(2)  In counties having a population of 500,000 or more, branches Nos. 1 and 2 shall be the probate branches. Branch No. 3 shall be the traffic court branch. Branch No. 4 shall be the misdemeanor court branch. Branches Nos. 5, 6, 7, 8, 9 and 10 shall be the civil court branches. . . .

"(3)  Regardless of the name given to a particular branch or the type of cases assigned to it, the judge of that branch shall handle other matters assigned to him as time permits.

"(4)  Whenever a branch is given a particular name by statute, all cases of the type described by the name of the branch shall be assigned initially to that branch by the clerk and shall be reassigned to another branch only in the case of disqualification, illness or vacation of the judge or congestion or vacancy in the branch named by statute."

"Section 27 . . . [T]he civil court, district court and children's court of Milwaukee county are constituted branches of the county court of their respective counties effective the first Monday in January 1962 according to the provisions of section 253.02 of the statutes as created by this act with the jurisdiction specified in sections 253.10 to 253.14 of the statutes as created by this act. *All special or local acts relating to these courts are repealed, effective the first Monday in January 1962. . . ."* (Emphasis added.)

We are of the opinion that the language of ch. 315, Laws of 1959, must be considered in its entirety and that the act expresses a clear legislative intent to create, as far as possible, a uniform system of county courts

throughout the state, including the establishment of uniform county court procedure. The language of sec. 27 is a positive expression of intent to repeal special and local acts relating to the civil court of Milwaukee county. If this language cannot be said to specifically repeal the portion of sec. 274.33, Stats., which we have emphasized, surely it can be said that such was the intent of ch. 315, Laws of 1959.

Therefore, it is our opinion that since the enactment of ch. 315, Laws of 1959, the emphasized portion of sec. 274.33, Stats., has become a nullity.

Sec. 274.33, Stats., refers to a specific court—the civil court of Milwaukee county.

"The intent to repeal all former laws upon the subject is made apparent by the enactment of subsequent comprehensive legislation establishing elaborate inclusions and exclusions of the persons, things and relationships ordinarily associated with the subject. Legislation of this sort which operates to revise the entire subject to which it relates, by its very comprehensiveness gives strong implication of a legislative intent not only to repeal former statutory law upon the subject, but also to supersede the common law relating to the same subject. . . ." 1 Horack, Sutherland, *Statutory Construction* (3d ed.), pp. 475–477, sec. 2018.

The order of the circuit court in the instant case relates to subject matter jurisdiction and is, therefore, appealable under sec. 274.33, Stats. *Klotz v. Wathen* (1966), 31 Wis. 2d 19, 142 N. W. 2d 197; *Stroup v. Career Academy of Dental Technology* (1968), 38 Wis. 2d 284, 156 N. W. 2d 358. There is no statutory prohibition to appeal an order of the circuit court affirming or reversing an order of the county court relating to subject matter jurisdiction.

*Subject matter jurisdiction.*

A court has subject matter jurisdiction if it has the authority to "hear and determine the primary object

of the action." *Galloway v. State* (1966), 32 Wis. 2d 414, 420, 145 N. W. 2d 761; 147 N. W. 2d 542. Actions for unlawful detainer are, as correctly posited by defendant, entirely statutory. *Hartnip v. Fields* (1945), 247 Wis. 473, 19 N. W. 2d 878.

The 1969 session of the legislature twice enacted laws relating to ch. 291, Stats. (unlawful detainer). One enactment became effective July 15, 1969. The second enactment became effective July 1, 1971. Therefore, it is necessary to examine ch. 291 as it existed between these two dates.

Ch. 87, Laws of 1969, published July 14, 1969, and effective July 15, 1969, by virtue of sec. 990.05, Stats., repealed and amended a number of provisions contained in ch. 291 relating to unlawful detainer actions. Ch. 284, Laws of 1969, published January 21, 1970, but not effective until July 1, 1971, repealed ch. 291 in its entirety. Defendant urges that the legislature by ch. 87, Laws of 1969, repealed all subject matter jurisdiction over unlawful detainer actions until the new landlord-tenant code, ch. 284, Laws of 1969, became effective.

An examination of ch. 291, Stats., as amended by ch. 87, Laws of 1969, does not support defendant's conclusion. Sec. 291.01 provides the statutory basis upon which a lessee or tenant, holding over, may be removed from the premises. This section was not amended or repealed by ch. 87.

Sec. 291.05, Stats., governing the procedure to be followed in unlawful detainer actions, prior to the ch. 87, Laws of 1969, amendment, read as follows:

"291.05 **Action, how commenced.** The plaintiff shall file with the county court or with a municipal justice of the city, town or village where the premises are located, a complaint signed by him, his agent or attorney, giving therein a description of the premises of which possession is claimed, stating the facts which authorize the removal of the defendant, naming him, and praying for his removal. If the complaint is filed in the county court

the provisions of ch. 299 with respect to pleading and practice shall apply. If the complaint is filed with a municipal justice, the justice shall thereupon issue a summons, directed to the sheriff or any constable of the county, commanding him to summon the defendant to appear before him on a day in such summons named, which shall not be less than 6 nor more than 15 days from the day of issuing the same and shall deliver the summons and complaint to such officer."

By ch. 87, Laws of 1969, sec. 291.05 was amended to read:

"291.05 **Action, how commenced.** The plaintiff shall file with the county court a complaint signed by him, his agent or attorney, giving a description of the premises of which possession is claimed, stating the facts which authorize the removal of the defendant, naming him and praying for his removal. The provisions of ch. 299 with respect to pleading and practice apply."

The intent and effect of ch. 87, Laws of 1969, was to remove unlawful detainer actions from the jurisdiction of the municipal justice court and to retain jurisdiction of such actions in the county court. However, in accomplishing this, the legislature, when enacting ch. 87, repealed sec. 291.09, Stats. This section made available to the plaintiff-landlord the remedy of a writ of restitution after judgment. The result of this legislative action was that for the period of time between the effective date of ch. 87, *i.e.*, July 15, 1969, and the effective date of ch. 284, *i.e.*, July 1, 1971, the plaintiff-landlord was without the remedy of a writ of restitution after securing judgment.

In the instant case the action was brought in county court and therefore subject to the statutory provisions of ch. 299, Stats. Sec. 299.01, expressly makes the procedure of ch. 299 applicable to unlawful detainer actions brought in the county court under ch. 291. Ch. 299 contains all the procedural provisions necessary for the

adjudication of an unlawful detainer action from pleadings to judgment.

The circuit court correctly found that since the statutory authority for the issuance of a writ of restitution had been repealed, a writ of assistance could issue under sec. 272.11, Stats.:

"272.11 **Writs of assistance.** When any order or judgment is for the delivery of possession of property real or personal the party in whose favor it is entered is entitled to a writ of execution or assistance upon application to the clerk."

That section is incorporated into the provisions of ch. 299 by sec. 299.04 as one of the general rules of practice and procedure found in Title XXV of the statutes. The note following sec. 272.11 refers to special statutory provisions authorizing the remedy of writs of execution or assistance. However, there is no language in sec. 272.11 which would reflect that the existence of other special statutory provisions authorizing the remedy of a writ of assistance would restrict the use of the writ under the general provisions of the statutes in appropriate situations.

The statutory procedure for prosecuting an unlawful detainer action to judgment in county court was not affected by the enactment of ch. 87, Laws of 1969. The issuance of a writ of assistance under sec. 272.11, Stats., was an appropriate remedy available to the plaintiff-landlord after judgment and during the period from July 15, 1969, to July 1, 1971.

*By the Court.*—Order affirmed.