CITY OF MILWAUKEE, Respondent, v. COHEN, BONGIORNO,
ESPERES, GAUDES, HAGENAU, LITTLE, ROLFSON, PAE-
TON and SWEENEY, Appellants.

*Nos. 235–243. Argued January 2, 1973.—Decided
January 30, 1973.*
(Also reported in 203 N. W. 2d 633.)

For the appellants there was a brief and oral argument by *Clyde E. Sheets* of Milwaukee.

For the respondent there was a brief by *John J. Fleming,* city attorney, and *David Allen Hansher* and *The-*

*ophilus C. Crockett,* assistant city attorneys, and oral argument by *Mr. Crockett.*

BEILFUSS, J. We believe a necessary threshold question is whether the circuit court order remanding the matter for trial is an appealable order,[1] and corollary to that question whether the county court judgment dismissing the action without prejudice was appealable from the county court to the circuit court.

Appeals from orders or judgments in municipal ordinance forfeiture actions are provided for, controlled and limited by statute. The portions of the statutes quoted below are pertinent to the case at hand.

Sec. 66.12 (1) (a), 1969, provides in part:

"66.12 **Actions for violation of city or village regulations.** (1) COLLECTION OF FORFEITURES AND PENALTIES. (a) An action for violation of a city or village ordinance, resolution or bylaw is a civil action. All forfeitures and penalties imposed by any ordinance, resolution or bylaw of the city or village may be collected in an action in the name of the city . . . In all actions hereunder the defendant's plea shall be guilty, not guilty or no contest and shall be entered as not guilty on failure to plead, which plea of not guilty shall put all matters in such case at issue, any other provisions of law notwithstanding."

Sec. 66.12 (2), 1969, provides in part:

"(2) APPEALS. Appeals in actions to recover forfeitures and penalties imposed by any ordinance, resolution or bylaw of the city or village may be taken either by the defendant or by such municipality to the circuit

---

[1] This court has the power to raise and determine the questions of whether an order appealed from is appealable. Parties cannot, either by failure to raise such question or by consent, confer jurisdiction upon the appellate court to review an order which is not appealable. *Bohlman v. Mutual Indemnity Co.* (1969), 42 Wis. 2d 454, 167 N. W. 2d 196; and *Szuska v. Milwaukee* (1961), 15 Wis. 2d 241, 112 N. W. 2d 699.

court. . . . Appeals from county court shall be taken in accordance with ch. 299, except that any appeal from wherever taken shall be perfected within 20 days after judgment is entered. . . ."

Sec. 299.30 (1) and (3), 1969, provide in part:

"**Appeal.** (1) ORDERS. An appeal may be taken to the circuit court from orders denying motions or petitions made under ss. 299.14, 299.28 and 299.29 within 20 days of entry of such order.

" . . .

"(3) OTHER JUDGMENTS. Within 20 days (10 days in unlawful detainers) after the date of mailing of notice of entry of judgment, as appears in the case docket, any appeal other than one specified in sub. (2) may be taken to the circuit court by any party to an action or proceeding from any final judgment by filing a notice of appeal signed by appellant or his attorney with the clerk of the court which tried the case under this chapter, and by serving a copy of the notice of appeal on all parties bound by the judgment who appeared in the action or their attorneys. . . ."

Sec. 274.33 (1) and (2) provide:

"(1) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.

"(2) A final order affecting a substantial right:

"(a) Made in special proceedings, without regard to whether the proceedings involve new or old rights, remedies or proceedings and whether or not the right to appeal is given by the statutes which created the right, remedy or proceedings, or

"(b) Made upon a summary application in an action after judgment."

A court must have subject-matter jurisdiction in order to have the authority to hear and determine the primary object of the action. *Wisth v. Mitchell* (1971), 52 Wis. 2d 584, 190 N. W. 2d 879, and *Galloway v. State* (1966), 32 Wis. 2d 414, 420, 145 N. W. 2d 761, 147 N. W. 2d 542.

In order to make this determination this court has jurisdiction to determine jurisdiction. That is, whether the circuit court and this court have jurisdiction to hear the instant case. *State v. Omernik* (1972), 54 Wis. 2d 220, 194 N. W. 2d 617; *McCabe v. Milwaukee* (1971), 53 Wis. 2d 34, 191 N. W. 2d 926; *Brachtl v. Department of Revenue* (1970), 48 Wis. 2d 184, 179 N. W. 2d 921; *Bublitz v. Matulis* (1967), 34 Wis. 2d 23, 148 N. W. 2d 64; *Monahan v. Department of Taxation* (1963), 22 Wis. 2d 164, 125 N. W. 2d 331.

From a reading of the statutes quoted above, it appears that an appeal can be taken from county court to the circuit court in municipal ordinance forfeiture cases from a judgment [2] or orders affecting a judgment.[3] The county court ruling in granting the order to suppress the evidence obtained in the search and seizure did not in itself prevent the case from being tried and going to judgment. If this was the only ruling of the county court that was before the circuit court, it would not have been appealable. However, the county court's pronouncement went further—it dismissed the action without prejudice.

The notice of appeal to the circuit court did not indicate whether the appeal was from an order or a judgment; it simply appealed because "the above entitled cases were dismissed."

The circuit court concluded the appeal was from a judgment of the county court, and we think properly so. The action of the county court wherein it dismissed the complaints without prejudice did not preclude the city from commencing the cases again, but it did prevent the city from any further prosecution of the cases in

---

[2] Sec. 299.30 (3), Stats.

[3] The appeal from orders appealed as provided in sec. 299.30 (1), Stats., under secs. 299.14, 299.28 and 299.29, all apply to orders affecting a judgment already entered. *See also: Milwaukee v. Trzesniewski* (1967), 35 Wis. 2d 487, 151 N. W. 2d 109.

question and, in that sense, it was final.[4] The right to start the actions again could be meaningless if the defendants could not be served with process or the statute of limitations had run. We conclude the circuit court had jurisdiction to hear the appeal from the county court.

The appeal from the circuit court to this court is from the "order" providing, "Appeal granted. Judgment of the county court set aside. Case remanded to county court for trial."

This order, in our opinion, is not appealable. It is not a final judgment.[5] It is not a judgment which determines the right of the parties which, of course, is appealable under ch. 274, Stats. Nor is it a final order which in effect determined the action; nor does it prevent an eventual judgment from which an appeal can be taken.[6] The circuit court order simply reversed the judgment of dismissal and remanded the matter for trial. After trial or other appropriate procedure a judgment can be entered which can be subject to appellate review. We conclude the circuit court order was not appealable and the appeal to this court must be dismissed.[7]

It is apparent from the record and the briefs of counsel that the principal legal dispute is the validity of the search and seizure and the propriety of the order suppressing the evidence so obtained. Although we have ruled the appeal must be dismissed, we deem it appropriate to comment upon it.

The city takes the position that because a municipal ordinance forfeiture action is a civil action, the rules

---

[4] In *Russell v. Johnson* (1961), 14 Wis. 2d 406, 111 N. W. 2d 193, in an appeal from a circuit court order dismissing a complaint without prejudice but with costs, this court held the order was appealable because it prevented a judgment from being taken although the order itself was not a final judgment.

[5] *Id.* at page 411.

[6] Sec. 274.33 (1), Stats.

[7] *Cross v. Leuenberger* (1957), 274 Wis. 393, 80 N. W. 2d 468.

prohibiting unreasonable search and seizure do not apply. Counsel for the city argues that our statutory civil procedural rules do not provide for a motion to suppress and the county court had no authority to entertain and grant the motion. We do not believe this is the law.[8] Both the fourth amendment of the United States Constitution and art. I, sec. 11 of the Wisconsin Constitution declare, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, particularly describing the place to be searched, and persons or things to be seized." These constitutional provisions do not limit their effect to criminal cases. A forfeiture action is a quasi-criminal proceeding where the defendant is required as in criminal cases to enter a plea of guilty, not guilty or nolo contendere. The ordinance in many instances is derived from a criminal statute. We perceive no logical reason why a search and seizure cannot be challenged by a motion to suppress. This is particularly apparent in a jury trial.

In searches and seizures the rule is that a warrant based upon probable cause must be obtained before a search can be conducted. The exception is that a search may be made upon probable cause without a warrant in exceptional circumstances such as vehicles that can be readily moved, the defendants might take flight, or that the evidence of illegal contraband was likely to be removed or destroyed. We find no valid reason why the officers should not have obtained a search warrant before their entry and search and seizure. The motion to suppress the evidence of the search was properly granted.

*By the Court.*—Appeal dismissed.

---

[8] *See: State v. Voshart* (1968), 39 Wis. 2d 419, 433, 159 N. W. 2d 1.