CITY OF JANESVILLE, Plaintiff-Respondent and Cross-Appellant,

v.

Jilleen WISKIA, Defendant-Appellant and Cross-Respondent-Petitioner.†

Supreme Court

*No. 78–650. Argued June 3, 1980.—Decided June 27, 1980.*

(Also reported in 293 N.W.2d 522.)

---

† Motion for reconsideration denied, with costs, on September 10, 1980. ABRAHAMSON, J., dissents. (Opinion filed.) STEINMETZ, J., took no part.

For the defendant-appellant-petitioner there were briefs by *Roy E. Berg, James A. Meier* and *Berg & Meier* of Janesville, and oral argument by *James A. Meier*.

For the city of Janesville there was a brief and oral argument by *Berta S. Hoesly*, city attorney.

COFFEY, J. This is an appeal of a decision of the court of appeals reversing a judgment of the circuit court holding that a prosecution for a violation of the Janesville City Code of Ordinances was frivolous and awarding attorney fees, pursuant to sec. 814.025, Stats. On appeal, the court of appeals ruled that the city of Janesville's prosecution was not frivolous and therefore the petitioner, Jilleen Wiskia, was not entitled to reimbursement for attorneys' fees and thus reversed the trial court's finding that the city attorney ". . . knew,

or should have known, that the action . . . was without any reasonable basis in law or equity. . . ."

The record establishes that on December 30, 1975, the city of Janesville charged Jilleen Wiskia, a bartender at the Blarney Stone Tavern in Janesville, with a violation of sec. 22.16(1) [1] of the Janesville Code of City Ordinances for serving an intoxicating beverage to one under the influence of liquor.

Jilleen Wiskia entered a plea of not guilty to the charge and requested a jury trial. The testimony introduced at trial recites that on the morning of November 30, 1975, prior to arriving at the Blarney Stone Tavern, Gilbert Bobzein consumed a pint of brandy with some beer. After arriving at the tavern, he had one or two more beers. While at the tavern, a customer named James Fullerton offered to "buy anybody a schooner of . . . wine who would chug it." Bobzein accepted the offer and Fullerton then purchased a bottle of wine from Wiskia. Fullerton then filled a schooner with wine and handed it to Bobzein who promptly drank it. He then poured another schooner of wine and Bobzein drank it also. At that point, Fullerton purchased a second bottle of wine and refilled Bobzein's glass. Fullerton stated that Bobzein ". . . drank about like half of it, and that's all that I saw him drink of that." However, Jilleen Wiskia testified that he drank the entire glass. Shortly thereafter, Bobzein fell off his bar stool to the floor and passed out. Fullerton and several others carried Bobzein to a car and he was driven to a friend's house where he died a short time later. Two police officers who investigated Bobzein's death testified that they had interviewed the bartender, Wiskia. The first officer, Bartz, testified that during the interview she stated

[1] Sec. 22.16(1) of the Municipal Ordinances reads as follows: "No sales of intoxicating liquor in any form shall be made to any person under the influence of liquor."

that Bobzein "appeared slightly intoxicated" upon entering the tavern. Officer Olson testified that the bartender stated that she had sold wine to Fullerton but was aware of the fact that Bobzein was actually drinking it. At trial she denied making the statement to Patrolman Bartz that Bobzein "appeared slightly intoxicated." Further, she restricted the statement previously made to Officer Olson, stating that her knowledge of Bobzein drinking the wine, was based not on her own personal observation, but rather what she heard from other people in the tavern after the incident.

Following the testimony, the jury returned a verdict of not guilty and the court granted "the defendant's motion for judgment on the jury verdict." The petitioner, Wiskia, thereafter filed a motion requesting reimbursement from the city for costs and reasonable attorney's fees, pursuant to sec. 814.025, Stats.[2] At a hearing on the defense motion for taxation of costs, Samuel Loizzo, a former assistant district attorney and city attorney, testified as an expert witness and stated that after reviewing the files, it was his opinion that there was "no basis for prosecution" in this case. He said that the city could not prove the two elements of the offense: (1) the sale; and (2) that the person who received the intoxicating liquor was under the influence of liquor.

---

[2] Sec. 814.025, Stats., reads in part as follows:

"**Costs upon frivolous claims and counterclaims.** (1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

"(2) The costs and fees awarded under sub. (1) may be assessed fully against either the party bringing the action, special proceeding, cross complaint, defense or counterclaim or the attorney representing the party or may be assessed so that the party and the attorney each pay a portion of the costs and fees."

Following the hearing, the trial court ruled that the city's action against Jilleen Wiskia was frivolous because the city or the city attorney ". . . knew, or should have known, that the action . . . was without any reasonable basis in law or equity. . . .", pursuant to sec. 814.025(3)(b), Stats.[3] Based on this finding, the court ruled that she was entitled to reimbursement for attorneys' fees:

". . . consistent with the provisions of sec. 814.025, the Court will award to the defendant counsel [Jilleen Wiskia's attorney] fees in the sum of $500, which the court believes are reasonable in amount and necessarily incurred in the defense of this action, together with other out-of-pocket disbursements incurred by the defendant as shown by the proposed bill of costs which has been presented to the Court by defense counsel in support of his motion to tax attorney's fees under sec. 814.025, Stats."

The petitioner then filed a motion requesting the trial court reconsider and increase the attorney's fees allowed —$500 out of a total bill of $2,565 submitted by the attorneys. The trial court reconsidered and increased the attorney's fees to $850.

On October 20, 1978 judgment was entered and signed by the judge providing as follows:

"The court having heard the motion for the taxation of costs and having rendered memorandum decisions on the 23rd day of August, 1978 and the 3rd day of October, 1978, and the court having directed judgment to be entered accordingly;

---

[3] Sec. 814.025(3)(b), Stats., reads as follows:

"(3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1) the court must find one or more of the following:

"(a) . . .

"(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law."

"IT IS HEREBY ADJUDGED:

"1. That the action of plaintiff is dismissed, upon the merits, with prejudice.

"2. That the action as commenced and maintained by the plaintiff, City of Janesville, was frivolous within the terms of Wisconsin Statutes Section 814.025.

"3. That pursuant to Wisconsin Statutes Section 299.-25(13) and Section 814.025, defendant [Jilleen Wiskia] does recover from plaintiff the sum of $111.98 as costs[4] together with reasonable attorney fees in the sum of $850.00."

Thereafter, Wiskia, appealed from part of the trial court's judgment and sought full reimbursement for her attorneys' fees. The city of Janesville, in turn, cross-appealed from "paragraphs 2 and 3 of the judgment" holding the city's action was frivolous and awarding the petitioner $850 in attorney's fees.

The court of appeals reversed the trial court's judgment and held that:

1. the city's prosecution of the petitioner for violation of sec. 22.16(1) of the Municipal Ordinances was *not* frivolous; and

2. the trial court erred in awarding the petitioner attorneys' fees pursuant to sec. 814.025, Stats.

Jilleen Wiskia petitioned this court for review of the court of appeals decision.

*ISSUE*

Was the petitioner entitled to recover costs and "reasonable attorney fees" incurred in defense of an action brought by the city to enforce sec. 22.16(1) of the City of Janesville's Code of Municipal Ordinances, pursuant to sec. 814.025, Stats.?

On review, the petitioner, Jilleen Wiskia, contends that the court of appeals erred in reversing the trial court's

---

[4] We need not discuss the question of statutory costs and disbursements in the amount of $111.98 allowed by the trial judge as they have not been challenged on appeal.

finding that the action commenced by the city of Janesville was frivolous and furthermore claims that she was entitled to recover "reasonable attorneys fees" pursuant to sec. 814.025, Stats. She also argues that the trial court's award of attorneys' fees should be increased, despite the fact that the court of appeals did not deal with the question of whether the amount of attorneys' fees awarded was adequate because the court of appeals ruled that the action was not frivolous and thus sec. 814.025 did not apply to this case.

In *Milwaukee v. Leschke*, 57 Wis.2d 159, 203 N.W.2d 669 (1973), this court stated:

"In proceedings for violation of municipal ordinances there is no liability for, or right to, costs in the absence of statutory authorization. It is stated in 9 McQuillin, *Municipal Corporations* (3d ed. rev.), p. 712, sec. 27.43, that:
" 'Costs are the creatures of statutes and cannot be awarded unless expressly provided. At common law they were not recoverable by either party in any case, civil or criminal. It has often been held that in the absence of statute providing therefor, costs cannot be taxed against a municipality in cases for violations of ordinances, no matter whether the case is decided against it or not. . . .'
"This court has consistently held that at common law costs were unknown, and that in this state costs are regulated exclusively by statute as a matter of legislative discretion . . . [citations omitted]. In the absence of a statute authorizing costs they are not recoverable . . . [citations omitted].
"Forfeiture actions for municipal ordinance violations are governed by chs. 66, 288, 299 and 345, Stats." *Id.* at 161–62. *See also: State ex rel. Korne v. Wolke,* 79 Wis.2d 22, 255 N.W.2d 446 (1977).

Sec. 814.025, Stats., allows a successful party to recover "reasonable attorney fees" if the action commenced by the plaintiff "is found, at any time during the proceedings or upon judgment, to be frivolous by the court."

The question of the application and interpretation of sec. 814.025, effective April 7, 1978 (Public Laws 1977, ch. 209, §1) has not been previously considered by this court.

It should be noted that this court has consistently held, in a number of cases, that a prosecuting attorney possesses broad discretion in determining whether to charge a defendant and proceed to trial. In *State ex rel. Kurkierewicz v. Cannon,* 42 Wis.2d 368, 166 N.W.2d 255 (1969), the ". . . leading Wisconsin case regarding the exercise of prosecutorial discretion. . . ."[5] this court held that:

> "It is clear that in his functions as a prosecutor he has great discretion in determining whether or not to prosecute. There is no obligation or duty upon a district attorney to prosecute all complaints that may be filed with him. While it is his duty to prosecute criminals, it is obvious that a great portion of the power of the state has been placed in his hands for him to use in the furtherance of justice, and this does not per se require prosecution in all cases where there appears to be a violation of the law no matter how trivial. In general, the district attorney is not answerable to any other officer of the state in respect to the manner in which he exercises those powers. True, he is answerable to the people, for if he fails in his trust he can be recalled or defeated at the polls. In the event he wilfully fails to perform his duties or is involved in crime, he may be suspended from office by the governor and removed for cause. These, however, are political remedies that go not to directing the performance of specific duties but rather go to the question of fitness for office.
>
> "The district attorney's function, in general, is of a discretionary type, the performance of which is not compellable in mandamus. 27 C.J.S., p. 648, sec. 10, *District and Prosecuting Attorneys,* summarizes, correctly we believe, the broad nature of the discretion conferred upon the district attorney:
>
> " 'The prosecuting attorney has wide discretion in the manner in which his duty shall be performed, and such

---

[5] *Locklear v. State,* 86 Wis.2d 603, 609, 273 N.W.2d 334 (1979).

discretion cannot be interfered with by the courts unless he is proceeding, or is about to proceed, without or in excess of jurisdiction. Thus, except as ordained by law, in the performance of official acts he may use his own discretion without obligation to follow the judgment of others who may offer suggestions; and his conclusions in the discharge of his official liabilities and responsibilities are not in any wise subservient to the views of the judge as to the handling of the state's case.'" *Id.* at 378–79.

In *Lacklear v. State*, 86 Wis.2d 603, 273 N.W.2d 334 (1979) this court stated:

". . . it must be noted that *a prosecutor is accorded a broad range of discretion in the enforcement of ordinances and statutes.*" (emphasis supplied). *Id.* at 609. *See also: State v. Johnson*, 74 Wis.2d 169, 246 N.W.2d 503 (1976).

Similarly, in *Whitaker v. State*, 83 Wis.2d 368, 265 N.W.2d 575 (1978), this court held that the question of what charges should be issued against a defendant is a matter "within the discretion of the prosecuting attorney. . . ." *Id.* at 373. Recently, in *State v. Karpinski*, 92 Wis.2d 599, 285 N.W.2d 729 (1979), this court stated that it:

". . . has repeatedly emphasized that the prosecutor has great discretion in determining whether to commence a prosecution. While it is the prosecutor's duty to prosecute criminal actions, sec. 59.47, Stats., the prosecutor is not required to prosecute all cases in which it appears that the law has been violated. We have characterized the prosecutor's charging discretion as 'quasi-judicial' in the sense that it is his duty to administer justice rather than to obtain convictions." *Id.* at 607.

Clearly, in view of the above line of cases, it is well established that prosecuting attorneys and their assistants, whether a district attorney in a criminal action or a city attorney in a quasi-criminal action (an ordi-

nance violation) must necessarily be clothed with broad discretion in deciding whether to charge a defendant or not. We believe that the application of sec. 814.025, Stats., allowing defendants to recover costs for frivolous claims in quasi-criminal ordinance violations would be inconsistent with our reasoning in prior case law allowing a prosecutor to exercise his independent judgment and discretion. If we were to allow the recovery of monetary sanctions in an action subsequently found to be frivolous, we would adversely inhibit the prosecutor's free exercise of discretion and interfere with responsible and effective enforcement of the laws. Therefore, we hold that sec. 814.025, as enacted, is not applicable in quasi-criminal actions (ordinance violations) where the decision to proceed with the action is based on prosecutorial discretion.

In the present case, the petitioner, Wiskia, was charged and pled not guilty to a violation of sec. 22.16(1) of the Janesville Code of city ordinances which is derived from sec. 176.30(1)[6] of the statutes. The petitioner contends that the action is civil in nature and thus sec. 814.025, Stats., is applicable. This court, in *Milwaukee*

---

[6] Sec. 176.30(1) reads as follows:

"**Minors; intoxicated persons; hospitals.** (1) SALE TO MINOR OR INTOXICATED PERSON: PENALTY. Any keeper of any place of any name whatsoever for the sale of any intoxicating liquors who shall sell, vend or in any way deal or traffic in, or for the purpose of evading any law of this state relating to the sale of liquors, give away any such liquors in any quantity whatsoever to or with a minor, or to any person intoxicated or bordering on a state of intoxication, and any person whatever who shall procure for, or sell, or give away, to any minor, whether upon the written order of the parents or guardian of such minor or in any other manner whatsoever, or to any intoxicated person, any such liquors shall be punished by a fine of not less than $100 nor more than $500, or by imprisonment in the county jail or house of correction not to exceed 60 days, or by both such fine and imprisonment."

*v. Wuky,* 26 Wis.2d 555, 133 N.W.2d 356 (1965), stated that "[A] forfeiture action on behalf of a municipality is a hybrid proceeding" and as such it has the characteristics of both a criminal and civil action. In *Milwaukee v. Cohen,* 57 Wis.2d 38, 203 N.W.2d 633 (1973) this court held that:

"A forfeiture action [for a violation of a municipal ordinance] is a quasi-criminal proceeding where the defendant is required as in criminal cases to enter a plea of guilty, not guilty or nolo contendere. The ordinance in many instances is derived from a criminal statute." *Id.* at 46. *See also: Neenah v. Alsteen,* 30 Wis.2d 596, 142 N.W.2d 232 (1966).

In *State v. Hamley,* 137 Wis. 458, 119 N.W. 114 (1909), this court held that:

". . . prosecutions for breaches of municipal ordinances are quasi-criminal, such breaches are not offenses against the state and therefore not punishable as such." *Id.* at 460–61.

The present action was thus a quasi-criminal proceeding and as such, sec. 814.025, Stats., is inapplicable. Applications of the statute to the city attorney as prosecutor of quasi-criminal ordinance violations would only serve to interfere with the reasonable exercise of the broad prosecutorial discretion granted him and would be inconsistent with the holdings in *State ex rel. Kurkierewicz v. Cannon, supra, Locklear v. State, supra,* and the other cases cited above.

We recognize that the death of a person, due to excessive drinking at a local tavern, is a matter of community concern and that the prosecuting attorney has the duty to carefully weigh the factors involved before deciding whether or not to prosecute the bartender. In response to a problem of this nature, the state and local municipalities are required, of necessity, to closely regu-

late all aspects of a tavern operation through strict enforcement of the tavern laws and ordinances. However, the decision of whether to proceed with a prosecution of an individual for violation of the state statute or local ordinance lies within the broad discretion of the prosecutor. We hold, upon a thorough review of the record, the prosecutor exercised reasonable discretion in charging the bartender with a violation of sec. 22.16(1) of the Janesville Code of Municipal Ordinances.

Finally, it should be pointed out that our holding that sec. 814.025, Stats., was not intended or designed to be applied in quasi-criminal proceedings does not leave a defendant without alternative means of preventing "prosecutorial abuse." In those situations where the prosecutor is an elected official, and if such an abuse of discretion does in fact exist, he is subject to the will of the voter at the next election or even recall (sec. 17.12(1) (a), Stats.[7]). *State ex rel. Kurkierewicz v. Cannon, supra.* Where the prosecutor is appointed to the position, he is subject to removal or suspension, pursuant to sec. 17.12(1) (c) & (d) and (3).[8]

*By the Court.*—The decision of the court of appeals is affirmed.

---

[7] Sec. 17.12(1) (a), Stats. reads as follows:

"**Removal and suspension of city officers.** (1) GENERAL AND SPECIAL CHARGER. Officers of cities operating under the general law or under special charter including school officers, may be removed as follows:

"(a) *Elective.* Elective officers by recall as provided in s. 9.10, or by the common council, for cause.

[8] Sec. 17.12(1) (c) & (d) and (3), Stats., reads as follows:

"**Removal and suspension of city officers.** (1) GENERAL AND SPECIAL CHARGER. Officers of cities operating under the general law or under special charter including school officers, may be removed as follows:

"(a) . . .

"(c) *Appointive.* Appointive officers, by whomsoever appointed, by the common council, for cause, except officers appointed by the council who may be removed by that body, at pleasure. Officers appointed by any other officer or body without confirmation

SHIRLEY S. ABRAHAMSON, J. *(dissenting on motion for reconsideration).* The defendant-appellant Wiskia moved for reconsideration on the grounds that this court decided the case on an issue which this court raised *sua sponte*, without giving the parties an opportunity to address the issue, and that the court's opinion did not consider relevant statutory provisions. The issue whether the trial court has authority to tax costs pursuant to sec. 814.025, Stats., was not raised in the trial court or the court of appeals and was not briefed by either party in this court. This is not a case where the court based its decision on its independent research of an issue raised by the parties; the court based its decision on an issue which was never raised. My review of this case in light of the motion to reconsider leads me to conclude that the court might not have given full consideration to all relevant statutes and might benefit

---

or concurrence by the council, by the officer or body that appointed them, at pleasure, except commissioners of election in cities of the first class who may be removed by the mayor for cause only, and any such commissioner may appeal to the common council within 10 days after removal. The council may conduct a hearing thereon by a committee which committee shall proceed in such manner as may be determined by it and make full report to the council, which shall determine the question upon such appeal.

"(d) *Votes required.* Removals by the common council may be made only by an affirmative vote of three-fourths of all the members thereof, and by any other body consisting of 3 or more members, by an affirmative vote of two-thirds of all the members thereof.

"(2) . . .

"(3) SUSPENSION. The mayor of any city may summarily suspend from office any officer thereof whose removal is sought and

484b

from briefs on the issue. I would grant the motion for reconsideration and give the parties an opportunity to submit briefs.

against whom charges have been preferred therefor, and may appoint an officer to discharge the duties of such office until such charges have been disposed of. If such charges are dismissed, the officer so suspended shall thereby be restored to office and be entitled to the emoluments of the office for all of the time he would have served therein had he not been suspended."