**ZIEGMAN PRODUCTIONS INC. and Daniel M. Ziegman, Plaintiffs,**

v.

**CITY OF MILWAUKEE and Harold Breier, Defendants.**

Civ. A. No. 80–C–871.

United States District Court,
E. D. Wisconsin.

Sept. 29, 1980.

James C. Newcomb, Milwaukee, Wis., for plaintiffs.

Reynolds Scott Ritter, Asst. City Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought pursuant to 42 U.S.C. § 1983 for damages arising out of the alleged denial of the plaintiffs' rights under the First Amendment to the United States Constitution. The action is presently before the court on the plaintiffs' motion for a temporary restraining order, which motion will be denied.

The complaint and the motion were filed on September 22, 1980. Along with them were filed an affidavit signed by the plaintiff Daniel M. Ziegman and an affidavit signed by plaintiffs' attorney James C. Newcomb. According to the Ziegman affidavit, the plaintiff Daniel M. Ziegman is the president and sole stockholder of the plaintiff Ziegman Productions, Inc., a Wisconsin corporation which leased premises located at 2714 South 13th Street, Milwaukee, Wisconsin from the owner on September 19, 20, and 21, 1980, for the purpose of presenting "actor–dancers to perform interpretations of the dream sequence from the well–known play, 'Equis,' [sic] and the well–known musical, 'Hair.'" (Ziegman affidavit, paragraphs 2, 3, and 8.) The owner of the premises holds a City of Milwaukee Class B Tavern License. (Ziegman affidavit, paragraph 3.) At the time of the performances, however, "there were no alcoholic beverages on the premises" (paragraph 4), no minors were admitted (paragraph 6), and a sign was placed outside to warn passers–by that the performances involved nudity (paragraph 7). According to

the Newcomb affidavit, plaintiffs' counsel called a Milwaukee deputy city attorney on September 19, 1980, and a City of Milwaukee Police Department inspector and advised them of the circumstances surrounding the intended performances, of the proposed nudity, and of the fact that no alcoholic beverages would be sold on the premises during the performances. Nevertheless, according to the plaintiff Ziegman:

"10. * * * at or about 5:30 pm Sept. 19, 1980, two city of Milwaukee police officers, one of them named Tom Christopher, I believe, visited me at the theater and told me that if I tried to put on the show that evening there would be arrests.

* &ast; &ast; &ast; &ast; &ast;

"12. That at or about 7:50 pm that evening, Sept. 19, 1980, after said Kenneth Bruseth had performed less than three minutes of his interpretation from 'Equis,' [sic] he was arrested and taken to jail.

"13. Said Bruseth had danced nude, as required by the play, less than 30 seconds when he was arrested and taken to jail by City of Milwaukee police officers.

"14. Said Bruseth, after release on bail, showed me a slip of paper which ordered him to report to the city attorney's office on Sept. 23, 1980, to discuss charges for 'obscene dancing.'

"15. Said arresting officers also gave me a slip of paper which orders me to report to the Second District Police Station on Sept. 23, 1980, to discuss possible charges involving 'obscene dancing.'"

Plaintiffs' counsel filed the complaint and motion papers with the clerk of court on the afternoon of September 22, 1980, and then brought them to chambers for the purpose of obtaining an ex parte temporary retraining order prohibiting "the defendants, their agents and employes from interfering in any way with the First Amendment rights of plaintiffs in the presentation of theatrical productions at 2714 S. 13th Street, City of Milwaukee, or anywhere else." (Motion for temporary injunction filed September 22, 1980.) The motion was denied by marginal order for the following two reasons.

First, plaintiffs' counsel filed a second affidavit with the motion stating:

"1. I am the attorney for the plaintiffs in the above entitled action and have this afternoon tried unsuccessfully to reach Deputy City Attys Thomas Hayes and David Felger to notify them of my intention to seek a temporary restraining order in this case."

Rule 65(b) of the Federal Rules of Civil Procedure provides:

"* * * A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant *before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting his claim that notice should not be required. * * *"* (Emphasis added.)

The efforts of plaintiffs' counsel to provide notice to the Milwaukee City Attorney's office, which represents the City of Milwaukee and Police Chief Harold Breier, were inadequate. No good reason appears in the record, nor does there seem to be any conceivable reason why service had to be made only on Deputy City Attorneys Hayes or Felger. The downtown office of the City Attorney is open from 8:00 A.M. to 4:40 P.M. on working days, according to the office letterhead there are approximately twenty-five attorneys on the staff, and any one of them could have been served. Thus, one of the prerequisites to the issuance of a temporary restraining order set forth in Rule 65 had not been met.

The second reason for denial of the motion was the assertion in the Ziegman affidavit that the performer Kenneth Bruseth had been "arrested" and was to report to the City Attorney's office on September 23,

1980, "to discuss charges for 'obscene dancing'" and that the plaintiff Ziegman was also to report, in his case to the police, "to discuss possible charges involving 'obscene dancing.'" (Ziegman affidavit, paragraphs 13, 14, and 15.)

In *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1973), the Supreme Court upheld the power of the State of California under the Twenty–first Amendment to regulate lewd entertainment in conjunction with the sale of liquor where the entertainment was not "obscene," see *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), rehearing denied 414 U.S. 881, 94 S.Ct. 26, 38 L.Ed.2d 128 and therefore in another context would have been protected by the First Amendment. Having reviewed the affidavits submitted by plaintiffs in support of their motion for a temporary restraining order, it did not "clearly [appear] [to the court on September 22, 1980] from specific facts shown by affidavit," Rule 65(b) of the Federal Rules of Civil Procedure, that the defendants' conduct in arresting Mr. Bruseth was forbidden under the First Amendment and, therefore, that the plaintiffs would suffer irreparable injury if such conduct were not enjoined. Furthermore, it did appear from plaintiffs' affidavits, specifically the affidavit of Mr. Ziegman, that Mr. Bruseth had been arrested and that he and Mr. Ziegman were soon to be charged by the City Attorney's office or the City of Milwaukee Police. In *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court held that a federal court should not enjoin a pending state criminal prosecution except under extraordinary circumstances, which circumstances are not present when the accused can raise his defense in state court. In *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), the Supreme Court held that the district court should have dismissed a civil rights action for injunctive relief brought under the First Amendment to challenge a state's obscenity statute in circumstances where certain of the plaintiffs' employees were arrested and charged under the state statute. The Court stated:

"  *   *   *  Absent a clear showing that appellees, whose lawyers also represented their employees, could not seek the return of their property in the state proceedings and see to it that their federal claims were presented there, the requirements of *Younger v. Harris* could not be avoided on the ground that no criminal prosecution was pending against appellees on the date the federal complaint was filed. The rule in *Younger v. Harris* is designed to 'permit state courts to try state cases free from interference by federal courts,' 401 U.S., at 43, 91 S.Ct. 746, particularly where the party to the federal case may fully litigate his claim before the state court. Plainly, '[t]he same comity considerations apply," [citation omitted] where the interference is sought by some, such as appellees, not parties to the state case.

"What is more, on the day following the completion of service of the complaint, appellees were charged along with their employees in Municipal Court. *   * [W]e now hold that where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force. *   *   *" 422 U.S., at 349, 95 S.Ct., at 2291.

Based upon the material in the court record on September 22, 1980, this action appeared to fall squarely within the guidelines of the *Hicks* decision, and, therefore, it would have been inappropriate under *Younger v. Harris* for the Court to grant the plaintiffs' request for injunctive relief.

On September 26, 1980, an adversary hearing was held on the plaintiffs' motion for a temporary restraining order, the defendants appearing by Assistant City Attorney Scott Ritter and the plaintiffs by Attorney James C. Newcomb. During the hearing Mr. Newcomb informed the Court that no criminal charges had been issued against Mr. Bruseth, Mr. Ziegman, or Ziegman Productions, Inc.; that Carrol D. Ziegman, the wife of Daniel M. Ziegman, holds the liquor

license on the premises at 2714 South 13th Street and Daniel Ziegman has no interest in the premises; and that the Performing Arts Center and MECCA, both owned by the City of Milwaukee, hold Class B liquor licenses and have been the site of performances of Equus and Hair without interference from the police. No evidentiary materials were submitted in support of those facts. The Court did, however, agree to take judicial notice of the fact that the Performing Arts Center and MECCA serve liquor on the premises. Defendants' counsel also did not file any evidentiary materials, though he did provide the court with a copy of the City of Milwaukee Municipal Ordinance § 90–21.5 which prohibits a person possessing a Class B liquor license, his agents or employees, from permitting the performance or simulation of certain types of sexual conduct on the premises. He advised the Court, without providing support by affidavit or otherwise, that charges under that section of the municipal code have been issued against Kenneth Bruseth and Carrol Ziegman and will soon be issued against Daniel M. Ziegman.

At the conclusion of the hearing on the motion, the Court notified the parties that it would take the motion under advisement and would issue a ruling based upon the facts which are supported in the record as opposed to those which were merely asserted by counsel during the hearing. Plaintiffs thereafter submitted affidavits signed by Kenneth Bruseth and Daniel Ziegman, stating that neither they nor Ziegman Productions, Inc., have yet been charged with any crime as a result of the Equus performance on September 19, 1980. Plaintiffs' counsel also submitted an affidavit signed by Allen R. Calhoun, Jr., the City Clerk of the City of Milwaukee, stating that among his duties is the supervision of the licensing of taverns in the City of Milwaukee, that Equus has been presented on a number of occasions on licensed premises without incident, and that the Tavern License Code does not prohibit the leasing of licensed premises. Defendants' counsel submitted an affidavit signed by Sandy Michalski stating that she is a clerk with the Milwaukee Municipal Court. Attached to the affidavit are copies of complaints issued September 23, 1980, by the office of the City Attorney against Carrol Ziegman and Kenneth Bruseth, charging them with violations of the City of Milwaukee Municipal Ordinance § 90–21.5. The complaints reflect that summonses were issued September 24, 1980, and that the defendants are scheduled for appearance in Milwaukee Municipal Court on October 23, 1980.

In *City of Janesville v. Wiskia*, 97 Wis.2d 473, 481–482, 293 N.W.2d 522 (1973), the Wisconsin Supreme Court characterized a municipal ordinance violation proceeding as a quasi–criminal action. Under *Hicks v. Miranda*, supra, a federal district court should refrain from interfering in a state criminal proceeding even if the criminal proceeding is commenced after the federal action and even if the plaintiff in the federal action has not been charged in the state proceeding so long as the relief which the federal plaintiff seeks would, if granted, interfere with the ongoing state proceeding. Were the Court to issue the injunctive relief which plaintiffs request in this case, that relief would interfere with the State's prosecution of Carrol Ziegman and of Kenneth Bruseth. The named plaintiffs in this case have not themselves yet been charged, and there is no evidentiary support in the record for the defendants' assertion that they soon will be.

Furthermore, in *Younger v. Harris*, supra, the Court stated that the mere threat of a single criminal prosecution is not sufficient to support the granting of injunctive relief. There is no support in the record for plaintiffs' assertion of a pattern of harassment by the defendants of persons associated with the premises at 2714 South 13th Street. In addition, no good reason appears why plaintiffs, if prosecuted, will not be able to protect their rights under the federal Constitution in the state court proceeding. As they have themselves pointed out, the State courts have not been remiss in the past in reviewing state laws to determine whether or not they comport with the First Amendment. See, e. g., *State of Wisconsin*

*v. Princess Cinema of Milwaukee, Inc.*, 96 Wis.2d 646, 292 N.W.2d 807 (1980), holding § 944.21(a) of the Wisconsin criminal code on obscenity unconstitutional. Plaintiffs also assert an equal protection claim. The record is not sufficiently developed to support an award of relief on that claim. In addition, it is a claim which the plaintiffs can raise in state court if they are subjected to a state criminal prosecution, and, therefore, it is not a claim on the basis of which this Court should grant injunctive relief.

For the foregoing reasons,

IT IS ORDERED that the plaintiffs' motion for a temporary restraining order is denied.