STATE, Respondent, v. ROGGENSACK, Appellant.*

*June 6—June 28, 1963.*

For the appellant there were briefs and oral argument by *Rolland R. Roggensack* of Lancaster, *in pro. per.*

For the respondent the cause was argued by *William A. Platz,* assistant attorney general, with whom on the brief were *George Thompson,* attorney general, *William D. Byrne,* district attorney of Dane county, and *Donald R. McCallum,* deputy district attorney.

PER CURIAM. Sec. 71.11 (42), Stats., provides:

"Any person, other than a corporation, who fails or refuses to make a return at the time hereinbefore specified in each year or shall render a false or fraudulent return shall upon conviction be fined not to exceed $500, or be imprisoned not to exceed one year, or both, at the discretion of the court, together with the cost of prosecution."

CURRIE, HALLOWS, and DIETERICH, JJ., are of the opinion that, as concluded by the learned circuit judge, an intent to evade tax liability is an essential element of the offense proscribed by sec. 71.11 (42), Stats. They are of the opinion that there was no evidence from which it could be found beyond a reasonable doubt that defendant acted with such intent. These justices would reverse the judgment.

BROWN, C. J., and FAIRCHILD and GORDON, JJ., are of the opinion that the offense proscribed by sec. 71.11 (42), Stats., is complete upon failure or refusal to make a return at the time specified, whether or not the offender intends thereby to evade tax liability. These justices would affirm the judgment.

All six justices agree that there was no denial to defendant of equal protection of the law on the ground that other violators have not been prosecuted. The testimony shows that defendant was prosecuted because he was a flagrant delinquent and not because of any invidious selection or discrimination among those who had failed to file returns on time.

WILKIE, J., did not participate in the decision of this case. There being no majority for reversal, the judgment of the trial court is affirmed under the established rule.

* Motion for rehearing denied, with $25 costs, on October 1, 1963.