STATE, Plaintiff in error, v. JOHNSON, Defendant in error. [Case No. 75–390–CR.]
STATE, Plaintiff in error, v. CRAPE, Defendant in error. [Case No. 75–391–CR.]

*Nos. 75–390–CR, 75–391–CR. Argued October 5, 1976.—Decided November 3, 1976.*
(Also reported in 246 N. W. 2d 503.)

For the plaintiff in error there was a brief by *Bronson C. La Follette*, attorney general, and *James H. McDermott*, assistant attorney general; a reply brief by *Bronson C. La Follette*, attorney general, and *Marguerite M. Moeller*, assistant attorney general, and oral argument by *Marguerite M. Moeller*.

For the defendants in error there was a brief and oral argument by *Howard B. Eisenberg,* state public defender.

BEILFUSS, C. J. On April 10, 1974, criminal complaints were filed charging the defendants Susan Crape and Sharon Johnson with committing an act of sexual perversion contrary to sec. 944.30(2), Stats.,[1] with the complainant Kenneth W. Enslen, Jr. These acts took place in an apartment located in the city of Milwaukee on April 8, 1974. Enslen paid each defendant $100 for performing such acts. Apparently Enslen was not charged with any offense.

The defendants moved to dismiss the complaints, asserting as one ground for dismissal that the action against them was brought "in violation of the Fourteenth Amendment of the United States Constitution in that the defendants are being deprived of equal protection under the laws inasmuch as Section 944.30(2) of the Wisconsin Statutes is being selectively and discriminatorily applied. . . ."

At the hearing on the motion no evidence was offered. The trial court heard the oral arguments of counsel and accepted written briefs and dismissed the complaints. From the statements of counsel and from his own recollection of other cases before him, the trial judge concluded that women were being charged with prostitution and that male participants were not being charged with prostitution or other related sexual morality offenses and that this constituted discriminatory enforcement of the law.

---

[1] "944.30 *Prostitution.* Any female who intentionally does any of the following may be fined not more than $500 or imprisoned not more than one year or both:

"(1) . . .

"(2) Commits or offers to commit an act of sexual perversion for any thing of value."

■ We recognize that under the Fourteenth Amendment to the United States Constitution persons accused of violating criminal statutes are protected from persistent selective and intentional discrimination in the enforcement of the statute in the absence of valid exercise of prosecutorial discretion.[2]

In this case we reverse and remand for an evidentiary hearing for reasons set forth below.

In the trial court's memorandum opinion the trial judge stated:

". . . I feel that as applied in this particular fact situation, and I want to emphasize that I want to limit it to this particular situation, where it is clear that the complainant is a person who is a user of the prostitute, where he is a user and is equally guilty, that it is my feeling that he should also have been charged with patronizing a prostitute.

"I feel the failure to charge him is that type of discriminatory enforcement which disturbs this Court and which this Court finds to be somewhat offensive."

From the face of the complaint it seem conclusive that the complainant did violate some law against sexual morality. As alluded to by the trial court, it is conceivable he could have been charged with patronizing a prostitute,[3] sexual perversion,[4] or a party to the crime of prostitution.[5]

---

[2] *Yick Wo v. Hopkins*, 118 U.S. 356 (1886); *Reed v. Reed*, 404 U.S. 71 (1971); *State v. Vadnais*, 295 Minn. 17, 202 N.W.2d 697 (1972). *See also:* Annot., 4 A.L.R.3d 404 (1965).

[3] "944.31 *Patronizing prostitutes.* Any male who enters or remains in any place of prostitution with intent to have nonmarital sexual intercourse or to commit an act of sexual perversion may be fined not more than $100 or imprisoned not more than 3 months or both."

[4] "944.17 *Sexual perversion.* Whoever does either of the following may be fined not more than $500 or imprisoned not more than 5 years or both:

■■ A basic consideration to the question of equal protection in the enforcement of laws is that " 'all persons similarly circumstanced shall be treated alike.' "[6] While an argument can be made that a prostitute and the patron are not similarly circumstanced because of the commercial aspects, we do not believe that fact standing alone can be controlling. The principal fact is that both parties have violated a sexual morality statute. If women prostitutes are consistently prosecuted and men patrons are consistently not prosecuted, without valid prosecutorial discretion, the equal protection clause is violated.

■ A prosecuting attorney is cloaked with considerable discretion. In *State ex rel. Kurkierewicz v. Cannon,* 42 Wis.2d 368, 378–79, 166 N.W.2d 255, 260 (1969),[7] we stated:

"The district attorney in Wisconsin is a constitutional officer and is endowed with a discretion that approaches the quasi-judicial. *State v. Peterson* (1928), 195 Wis. 351, 359, 218 N.W. 367.

"It is clear that in his functions as a prosecutor he has great discretion in determining whether or not to prosecute. There is no obligation or duty upon a district attorney to prosecute all complaints that may be filed with him. While it is his duty to prosecute criminals, it is obvious that a great portion of the power of the state has been placed in his hands for him to use in the furtherance of justice, and this does not per se require prosecution in all cases where there appears to be a violation of the law no matter how trivial. In general,

"(1) Commits an abnormal act of sexual gratification involving the sex organ of one person and the mouth or anus of another; or

"(2) Commits an act of sexual gratification involving his sex organ and the sex organ, mouth or anus of an animal."

[5] Sec. 944.30, Stats., *supra* n. 1 and sec. 939.05.

[6] *Reed v. Reed, supra* n. 2 at 77.

[7] *Also see:* American Bar Association *Standards Relating to the Prosecution Function,* sec. 3.9, p. 7.

the district attorney is not answerable to any other officer of the state in respect to the manner in which he exercises those powers. True, he is answerable to the people, for if he fails in his trust he can be recalled or defeated at the polls. In the event he wilfully fails to perform his duties or is involved in crime, he may be suspended from office by the governor and removed for cause. These, however, are political remedies that go not to directing the performance of specific duties but rather go to the question of fitness for office.

"The district attorney's function, in general, is of a discretionary type, the performance of which is not compellable in mandamus. 27 C. J. S., p 648, sec. 10, *District and Prosecuting Attorneys*, summarizes, correctly we believe, the broad nature of the discretion conferred upon the district attorney:

" 'The prosecuting attorney has wide discretion in the manner in which his duty shall be performed, and such discretion cannot be interfered with by the courts unless he is proceeding, or is about to proceed, without or in excess of jurisdiction. Thus, except as ordained by law, in the performance of official acts he may use his own discretion without obligation to follow the judgment of others who may offer suggestions; and his conclusions in the discharge of his official liabilities and responsibilities are not in any wise subservient to the views of the judge as to the handling of the state's case.' "

There may be valid prosecutorial reasons for prosecuting a prostitute and not the patron under given circumstances such as organized commercial prostitution, immunity from prosecution to testify, and others. Nor can one or few isolated incidents of failure to prosecute both be sufficient grounds to escape prosecution for a criminal act upon equal protection grounds. To avoid prosecution for a criminal offense upon equal protection grounds it must be shown that the failure to prosecute was selective, persistent, discriminatory and without justifiable prosecutorial discretion.

We have heretofore stated that a trial judge does have a duty to decide constitutional issues. We have further stated the constitutional issues must be "thor-

oughly briefed, and fully presented"[8] and that the trial court must make "specific and complete findings of the facts"[9] underlying the question.

We do not believe the record complies with these requirements. As stated above, there was no evidentiary hearing, not even a preliminary examination on the charges in question. The trial court acted upon only arguments of counsel, briefs, his courtroom experience and one prior case. A full evidentiary hearing must be held to determine whether there has been selective and discriminatory enforcement of the law under the standards set forth above. We remand for this reason.

At the hearing on the remand the defendants have the burden to establish a prima facie case.[10] There must be some showing of persistent failure to prosecute men as well as women involved in prostitution. The isolated facts of this case are insufficient. If a prima facie case is established, the burden to show an exercise of valid prosecutorial discretion will shift to the state.

*By the Court.*—Orders reversed and remanded for further proceedings not inconsistent with this opinion.

---

[8] *Just v. Marinette County,* 56 Wis. 2d 7, 26, 201 N.W.2d 761, 772 (1972).

[9] *Phillips v. State,* 29 Wis.2d 521, 528, 139 N.W.2d 41, 44 (1966).

[10] *United States v. Falk,* 479 F.2d 616 (7th Cir. 1973).