SEARS, Plaintiff in error, v. STATE, Defendant in error.

Supreme Court

*No. 77–308–CR. Argued December 4, 1979.—
Decided February 7, 1980.*
(Also reported in 287 N.W.2d 785.)

For the plaintiff in error the cause was argued by *Jack E. Schairer,* assistant state public defender, with whom on the briefs was *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was argued by *Maryann S. Sumi,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

WILLIAM G. CALLOW, J.   Following a jury trial, plaintiff in error David Sears (defendant) was convicted of solicitation to commit an act of sexual perversion in violation of secs. 939.30 and 944.17(1), Stats. 1975. The facts supporting the charge and subsequent conviction are not disputed. On October 14, 1976, the defendant, while dressed in women's clothing, approached a male undercover police officer and offered to perform an act of oral sex in exchange for $20, whereupon the defendant was arrested. A criminal complaint was filed the same day, charging the defendant with solicitation to commit sexual perversion and obstructing an officer. In response to defendant's pretrial motion to dismiss the criminal complaint, an evidentiary hearing was held to consider defendant's contention that the decision to charge him with solicitation to commit sexual perversion, rather than with prostitution or disorderly conduct, amounted to unconstitutional selective and discriminatory prosecution.[1]

---

[1] Sections 939.30, 944.17(1), 944.30(2), 947.01(1), Stats. 1975, provide:

**939.30   Solicitation.**   Whoever, with intent that a felony be committed, advises another to commit that crime under circumstances which indicate unequivocally that he has such intent may be fined not more than $2,500 or imprisoned not to exceed the maximum provided for the completed crime, but in no event to exceed 5 years, or both; except that for a solicitation to commit a crime for which the penalty is life imprisonment the actor may be imprisoned not more than 10 years."

Following the hearing, the submission of briefs and argument on defendant's claim of discriminatory prosecution, the trial court denied the defendant's motion to dismiss:

"The Court is satisfied that the State has acted properly, that the charge is appropriate, that the defendant is not being discriminated against, nor is he being selected for some discriminatory type of prosecution. I don't think this is a case of selective prosecution because the facts in this situation are so unique. Therefore, the motion is denied."

A trial by jury took place on February 2–3, 1977, and the defendant was found guilty of solicitation of sexual perversion. A presentence examination and a sex deviate examination were ordered. Specialized treatment was not recommended, and the defendant was sentenced to an indeterminate term not to exceed two years, less 203 days' credit for preconviction jail time.

On this review, the defendant urges his conviction be vacated on three grounds: his prosecution for solicitation of sexual perversion rather than disorderly conduct de-

---

"944.17 **Sexual perversion.** Whoever does either of the following may be fined not more than $500 or imprisoned not more than 5 years or both:

"(1) Commits an abnormal act of sexual gratification involving the sex organ of one person and the mouth or anus of another; or"

"944.30 **Prostitution.** Any female who intentionally does any of the following may be fined not more than $500 or imprisoned not more than one year or both:

". . .

"(2) Commits or offers to commit an act of sexual perversion for any thing of value; or"

"947.01 **Disorderly conduct.** Whoever does any of the following may be fined not more than $200 or imprisoned not more than 90 days or both:

"(1) In a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud, or otherwise disorderly conduct under circumstances in which such conduct tends to cause or provoke a disturbance."

nies him the equal protection of the law; application of the prostitution statute, sec. 944.30, Stats. 1975, to females only denies him the equal protection of the law; and the sentence imposed on him violates the Eighth Amendment prohibition against cruel and unusual punishment. We affirm the judgment of the trial court.

The district attorney in Wisconsin has great discretion in deciding whether to initiate prosecution in a particular case. As stated in *State ex rel. Kurkierewicz v. Cannon,* 42 Wis.2d 368, 378, 166 N.W.2d 255 (1969),

"There is no obligation or duty upon a district attorney to prosecute all complaints that may be filed with him. While it is his duty to prosecute criminals, it is obvious that a great portion of the power of the state has been placed in his hands for him to use in the furtherance of justice, and this does not per se require prosecution in all cases where there appears to be a violation of the law no matter how trivial."

*See also: Locklear v. State,* 86 Wis.2d 603, 609–10, 273 N.W.2d 334 (1979); *State v. Johnson,* 74 Wis.2d 169, 173, 246 N.W.2d 503 (1976); Brown, *The Wisconsin District Attorney and the Criminal Case,* 41 (2d ed. 1977). In addition to his discretion in determining whether or not to prosecute, the prosecuting attorney is afforded great latitude in determining which of several related crimes he chooses to file against the defendant. *State v. Karpinski,* 92 Wis.2d 599, 610–11, 285 N.W.2d 729 (1979); *Harris v. State,* 78 Wis.2d 357, 368, 254 N.W.2d 291 (1977). "In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978). The Wisconsin legislature, recognizing that prosecuting at-

torneys may frequently be faced with conduct which may violate more than one criminal statute, has specifically granted the prosecuting attorney the power to choose the statute under which to proceed. Sec. 939.65, Stats., provides that "[i]f an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions."

Exercise of this discretion necessarily involves a degree of selectivity. However, "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation" so long as "the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Oyler v. Boles*, 368 U.S. 448, 456 (1962) ; *Bordenkircher v. Hayes, supra* at 364; *State v. Johnson, supra* at 174. Conversely, "[i]f the defendant can establish a persistent and intentional discrimination in the enforcement of a statute in the absence of a valid exercise of prosecutorial discretion this may be interpreted as a violation of equal protection and a defense to the charge." *Locklear v. State, supra* at 610.

On this review, the defendant attempts to establish two bases for such a defense. Defendant's first claim of selective prosecution is grounded on his contention that only he and one other male had been charged with solicitation to commit sexual perversion, whereas other defendants arrested for homosexual activity were usually charged with disorderly conduct. Relying on *State v. Boutch*, 60 Wis.2d 397, 210 N.W.2d 751 (1973), the defendant claims that evidence that he was the first in eight years to be charged with solicitation to commit sexual perversion establishes that the prosecution was discriminatory.

In *State v. Boutch, supra* at 402, this court stated that a "defendant's claim cannot come within the class

of unconstitutional discriminatory enforcement" "[i]n the absence of an allegation and proof that the defendant is a member of a class being prosecuted solely because of race, religion, color or other arbitrary classifications, or *that he alone is the only person who has been prosecuted under this statute."* (Emphasis added.) In support of this statement, the court in *Boutch* relied on *McFarland v. American Sugar Co.,* 241 U.S. 79, 86 (1916), where the United States Supreme Court indicated that grave constitutional questions were raised by a statute that could not apply to any defendant other than the one charged with its violations. Neither *State v. Boutch, supra,* nor *McFarland v. American Sugar Co., supra,* stand for the proposition that the initial application of a criminal statute is an unconstitutional and discriminatory prosecution. Solitary prosecutions may present a prima facie defense of selective or discriminatory prosecution when coupled with a substantial showing by the defendant that the government's discriminatory selection for prosecution is based on a desire to prevent the exercise of constitutional rights; *United States v. Steele,* 461 F.2d 1148, 1151 (9th Cir. 1972) ; *United States v. Falk,* 479 F.2d 616, 619–24 (7th Cir. 1973) (en banc) ; *United States v. Berrios,* 501 F.2d 1207, 1211 (2nd Cir. 1974) ; or motivated by personal vindictiveness on the part of a prosecutor or the responsible member of the administrative agency recommending prosecution. *United States v. Bourque,* 541 F.2d 290, 293 (1st Cir. 1976). The defendant has shown neither of these circumstances.

Moreover, we are not persuaded that defendant has met his burden to establish an "absence of a valid exercise of prosecutorial discretion." *Locklear v. State, supra* at 610. At the evidentiary hearing on the defendant's claim, Deputy District Attorney Gardner and Assistant District Attorney Sklenarz (Sklenarz issued the criminal complaint against the defendant) testified that four fac-

tors influenced the decision to charge defendant with solicitation to commit sexual perversion rather than disorderly conduct. First, Gardner stated he had reservations about the latter charge's applicability, noting the difficulties of proving that the act of solicitation would provoke a disturbance between an undercover officer and the propositioning male. Second, Sklenarz testified that defendant's recidivism, as demonstrated by twenty-one to twenty-four prior charges involving similar conduct, influenced his decision to issue a more substantial charge. Defendant's past record distinguishes him from other actors arrested under circumstances similar to the incident that is the basis of his prosecution. This court stated in *State v. Roggensack*, 20 Wis.2d 468, 470, 122 N.W. 2d 408 (1963), a criminal prosecution for failure to file income tax returns, that "there was no denial to defendant of equal protection of the law on the ground that other violators have not been prosecuted. The testimony shows that defendant was prosecuted because he was a flagrant delinquent and not because of any invidious selection or discrimination among those who had failed to file returns on time."[2]

A third reason for the charge was Sklenarz's desire to maintain consistency between the charges brought against would-be patrons arrested by undercover policewomen and the charges brought against would-be prostitutes arrested by undercover policemen. Sklenarz testified to having consulted with Assistant District Attorney Richard Klinkowitz who had recently begun to charge men who approached undercover policewomen for pur-

---

[2] It is generally agreed that prosecutors have a legitimate interest in punishing flagrant violators and deterring violations by others. *United States v. Johnson*, 577 F.2d 1304, 1309 (5th Cir. 1978); *United States v. Peskin*, 527 F.2d 71, 86 (7th Cir. 1975); *United States v. Ojala*, 544 F.2d 940, 945 (8th Cir. 1976); *United States v. Scott*, 521 F.2d 1188, 1195 (9th Cir. 1975) *cert. denied* 424 U.S. 955 (1976).

poses of prostitution with solicitation to commit a felony. Sklenarz stated he decided to employ this same charge to those prostitutes who approached undercover policemen. In *State v. Johnson, supra,* this court stated that a charging practice under which women prostitutes are consistently prosecuted and men patrons are consistently not prosecuted, without valid prosecutorial discretion, would violate the equal protection clause. We are not impressed by the argument that a new policy designed to maintain consistency in charging is an abuse of the district attorney's discretion.

The fourth articulated reason for charging defendant with solicitation to commit sexual perversion was the commercial nature of the defendant's activity. Sklenarz testified he was aware that disorderly conduct was a charging alternative; however, he had used that charge only where there had been no mention of money.

Defendant has not shown that his prosecution for solicitation to commit sexual perversion rather than for disorderly conduct rose to the level of an unconstitutional denial of equal protection of the laws. Accordingly, his first attack on his conviction must fail.

The defendant's second claim is that his prosecution for solicitation of sexual perversion denied him equal protection of the law in that females arrested under similar circumstances would have been charged with prostitution and not with solicitation to commit sexual perversion. Defendant's sole support is Sklenarz's affirmative answer to defense counsel's question as to whether defendant's acts, had he been a woman, would have merited a charge of prostitution. There is no evidence in the record to support defendant's assertion that females have not been charged with solicitation to commit sexual perversion, for defendant himself objected to the relevancy of a question which would have elicited testimony from Gard-

ner as to whether any females in Milwaukee County had been charged with solicitation to commit sexual perversion.

Sklenarz's affirmative answer to defense counsel's question does not negate the possibility that he considered the prostitution charge, sec. 944.30 (2), Stats., 1975, as one of several available to the prosecuting attorney. The inference that defendant attempts to draw, that Sklenarz would have charged females with prostitution although arrested under circumstances where a male would be charged with solicitation, is refuted by Sklenarz's later, detailed testimony relating his decision to conform his charging practice to that of other assistant district attorneys, a decision to treat the offerers of sexual services the same as their patrons. Testimony that would have refuted or supported Sklenarz's version of the charging policy was excluded by defendant's objection. Given this explanation, it does not appear that defendant has established "a persistent and intentional discrimination in the enforcement of a statute in the absence of a valid exercise of prosecutorial discretion." *Locklear v. State*, 86 Wis.2d at 610; *State v. Johnson*, 74 Wis.2d at 174. The defendant has not established that there existed a policy of issuing charges of solicitation to commit sexual perversion against males only.

In a related assertion, defendant contends that the possibility of sentencing disparity between persons charged with solicitation to commit sexual perversion (carrying a five-year maximum penalty) and those charged with prostitution (carrying a one-year maximum penalty) denies him the equal protection of the law. Stripped of the allegation that the more severe statute is enforced against males alone while the lesser penalty is reserved for females, the defendant's position reduces to

an assertion that, when conduct violates two virtually identical criminal statutes, the violator has a constitutional right to be charged with the statute carrying the lesser penalty. Such an argument was made to the United States Supreme Court in *United States v. Batchelder*, 442 U.S. 114, 99 S. Ct. 2198, 2205 (1979), and quickly rejected: "Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution neither is he entitled to choose the penalty scheme under which he will be sentenced."

Additionally, the state notes that the element requiring payment of a "thing of value" in the prostitution statute differentiates the two crimes. Thus a woman soliciting an act of sexual perversion without requiring payment could only be charged with violations of secs. 939.30 and 944.17(1), Stats. 1975. While assessing a lighter penalty where consideration plays a role may seem incongruous, the penalty provisions of these statutes are not wholly without a rational basis and therefore unconstitutional under *State v. Asfoor*, 75 Wis.2d 411, 249 N.W.2d 529 (1977).[3] The solicitation statute represents a means of protecting those who otherwise would not commit crimes without the encouragement of another.

"*Penalty.* The penalty for solicitation, like that for attempt and conspiracy, may be the same as that for the crime which the actor intended should be committed. This provision is made on the ground that frequently the person who solicits, conspires, or attempts to commit a crime is just as dangerous to society as the one who actually commits the crime." Wisconsin Legislative Coun-

---

[3] In *State v. Asfoor*, 75 Wis.2d 411, 440–41, 249 N.W.2d 529 (1977), this court held that the statutory classification by which homicide by negligent use of a vehicle or weapon, sec. 940.08, Stats., was punished as a misdemeanor, while injury by negligent use of a weapon was punished as a felony, sec. 940.24(1), Stats., 1975, violated the equal protection clause as having no reasonable basis.

cil, Judiciary Committee Report on the Criminal Code, 25 (February, 1953).

Additionally, the legislative history indicates that the prostitution statute was intended to deal with "commercialized vice." *Id.* at 145. The defendant has not shown that there is no reasonable basis for the legislature's determination that gratuitous acts of sexual perversion would be more likely to undermine public morals than acts performed for pay; the penalty provisions have not been shown to be unconstitutional.

Defendant's third claim is that the sentence imposed on him violates the Eighth Amendment prohibition against cruel and unusual punishment. The record reveals that no motion was made before the trial court challenging the sentence on the ground of abuse of the trial court's sentencing discretion. Consequently, the defendant has lost the right to review sentencing on the ground of abuse of discretion. Motions challenging the sentence must be made within ninety days of sentencing. This court has made clear the rule that "[f]ailure to make such a motion bars a defendant from raising an issue as to sentencing within statutory limits except under compelling circumstances." *Gaddis v. State,* 63 Wis.2d 120, 129, 216 N.W.2d 527 (1974); *Brown v. State,* 73 Wis.2d 703, 709, 245 N.W.2d 670 (1976). The defendant does not assert that compelling circumstances exist which should induce this court to review the propriety of the sentence imposed; nor do such circumstances appear to exist. *Cf.: Whitmore v. State,* 56 Wis.2d 706, 716–17, 203 N.W.2d 56 (1973); *Stockwell v. State,* 59 Wis.2d 21, 28–29, 207 N.W.2d 883 (1973).

*By the Court.*—Judgment affirmed.