STATE of Wisconsin, Plaintiff-Respondent,

v.

Donald MINNIECHESKE, Defendant-Appellant.†

Court of Appeals

*No. 83–1503–CR. Submitted on briefs January 9, 1984.—Decided March 6, 1984.*

(Also reported in 347 N.W.2d 610.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Linehan Law Offices of Wausau.*

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Steven D. Ebert,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   Donald Minniecheske appeals his criminal slander of title conviction, sec. 943.60(1), Stats., arising out of his attempt to record a lis pendens with the Shawano County Register of Deeds. He contends that the evidence was not sufficient to convict him, that the statute is unconstitutionally vague and overbroad, that he was a victim of vindictive prosecution, that his two-year sentence was improperly based on his lack of remorse, that the special prosecutors acted without authority, and that he was denied his constitutional right to counsel. We find no merit in any of Minniecheske's arguments, and we therefore affirm the judgment.

943.60 Criminal slander of title. (1) Any person who submits for filing, docketing or recording any lien, claim of lien, lis pendens, writ of attachment or any other instrument relating to title in real or personal property, knowing the contents or any part of the contents to be false, sham or frivolous, is guilty of a Class E felony.

The evidence was sufficient to convict Minniecheske of violating this statute. The statute prohibits an attempt to record. It does not matter that the register of deeds refused to record Minniecheske's lis pendens or that there was no actual damage.

The jury could reasonably find that Minniecheske knew his lis pendens was a sham. A lis pendens serves warning that title to property is in litigation. Minniecheske's lis pendens purported to effect title to all of the real property in the Town of Fairbanks in Shawano County. He filed the lis pendens in conjunction with his lawsuit challenging the establishment of the town. This action was barred by the statute of limitations over 100 years ago.

Minniecheske had previously filed four lis pendens, twelve common law liens, and twelve writs of attachment. Three of the lis pendens had been discharged, and all

twelve common law liens and writs of attachment had been removed pursuant to court order. Some of these filings resulted in civil judgments against Minniecheske for slander of title.

Because Minniecheske's conduct was obviously prohibited by sec. 943.60(1), he cannot successfully claim that the statute is unconstitutionally vague. *See State v. Driscoll,* 53 Wis. 2d 699, 701–02, 193 N.W.2d 851, 854 (1972). The statute also gives sufficient notice of what conduct is prohibited to any reasonable person who wants to obey the statute. Nothing more is required. *See id.*

The first amendment does not protect Minniecheske's conduct. He was not punished for his membership in the Posse Comitatus or for filing his legal action. He was punished for attempting to cloud title to over 800 parcels of property. His pattern of frivolous filings demonstrates his intent to harass those who disagree with him. This harassment does not come within the protection of the first amendment merely because Minniecheske claims he was making a political statement. *See United States v. O'Brien,* 391 U.S. 367, 376 (1968).

The fact that Minniecheske was the first person to be prosecuted for criminal slander of title does not demonstrate vindictive prosecution. *See Sears v. State,* 94 Wis. 2d 128, 135, 287 N.W.2d 785, 788 (1980). To establish vindictive prosecution, Minniecheske had to make a substantial showing that he was prosecuted to prevent his exercise of a constitutional right or because of personal vindictiveness. *See id.* Minniecheske made no such showing. Someone has to be the first person to be prosecuted under a new criminal statute, and the state was certainly entitled to prosecute Minniecheske on the basis

of his flagrant and repeated conduct. *See id.* at 136, 287 N.W.2d at 788–89.

The trial court did not abuse its discretion in sentencing Minniecheske to the maximum two-year term, even though this was his first offense. *See Cheney v. State,* 44 Wis. 2d 454, 468–69, 171 N.W.2d 339, 346–47 (1969). The court properly considered the unlikelihood of rehabilitation because of Minniecheske's lack of remorse. *See State v. Baldwin,* 101 Wis. 2d 441, 456–59, 304 N.W.2d 742, 750–52 (1981). It considered the public outrage at Minniecheske's attempt to use the legal system to harass those he disagrees with, and the public interest in deterring Minniecheske and others from engaging in such activity. It also considered the presentence report and Minniecheske's long history of undesirable behavior. *See State v. Tew,* 54 Wis. 2d 361, 367–68, 195 N.W.2d 615, 619 (1972). We cannot say that the sentence was disproportionate to the offense or in any way shocking or unreasonable. *See Ocanas v. State,* 70 Wis. 2d 179, 185, 233 N.W.2d 457, 461 (1975).

Minniecheske's contentions that he was denied the right to counsel at an indigency hearing and that the special prosecutors were without authority to prosecute him were answered by this court in *State v. Wickstrom,* No. 83–1500–CR, slip op. (Wis. Ct. App. March 6, 1984).

*By the Court.*—Judgment affirmed.