STATE of Wisconsin, Plaintiff-Respondent,

v.

John P. KRUEGER, Defendant-Appellant.

Supreme Court

*No. 97–2663–CR. Oral argument January 8, 1999.—Decided February 16, 1999.*

(Also reported in 588 N.W.2d 921.)

For the defendant-respondent-petitioner there were briefs by *Gary S. Cirilli* and *Cirilli Law Offices, S.C.*, Rhinelander and oral argument by *Gary S. Cirilli*.

For the plaintiff-appellant the cause was argued by *Sandra L. Tarver*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1.  SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE.  This is a review of an unpublished decision of the court of appeals, *State v. Krueger*, No. 97–2663-CR, unpublished slip op. (Wis. Ct. App. Feb. 10, 1998), which reversed an order of the Circuit Court for Oneida County, Robert E. Kinney, Judge. The circuit court dismissed with prejudice the criminal complaint brought against defendant John P. Krueger.

¶ 2.  The issue presented is whether a circuit court has the inherent power to dismiss a criminal complaint with prejudice prior to the attachment of jeopardy when the defendant's constitutional right to a speedy trial is not implicated.

¶ 3.  The defendant asks the court to reexamine and expand *State v. Braunsdorf*, 98 Wis. 2d 569, 297 N.W.2d 808 (1980), in which this court held that "trial courts of this state do not possess the power to dismiss a criminal case with prejudice prior to the attachment of jeopardy except in the case of a violation of a constitutional right to a speedy trial." *Id.* at 586.

¶ 4.  We decline the defendant's request. Adhering to *Braunsdorf*, we conclude that the circuit court erred in this case in dismissing the criminal complaint with prejudice. Accordingly, we affirm the decision of the court of appeals.

I

¶ 5.  The facts are undisputed for purposes of this review. On July 16, 1995, in a previous prosecution, the State charged the defendant with publicly and indecently exposing his genitals by masturbating in his car in the vicinity of young children, ·in violation of Wis.

Stat. § 944.20(2) (1993–94).[1] The State moved to admit evidence that on February 17, 1995, at approximately 6:30 a.m., a woman and her children observed the defendant masturbating in his truck outside their home. The State sought to introduce this evidence as "other acts evidence" under Wis. Stat. § 904.04(2) (1995–96).[2]

¶ 6.   On January 17, 1996, at a motion hearing on the admissibility of this other acts evidence, the circuit court, Judge Kinney presiding, ruled the other acts evidence admissible over the defendant's objection. Judge Kinney commented in his ruling that if the State introduced the February 17, 1995, other acts evidence at trial, the State could not later prosecute the defendant for the February 17, 1995, conduct. The judge's comments are as follows:

> But I'll tell you this,. . .that if the state goes to trial and it is permitted to utilize this evidence, they are not going to be able to come back if they lose and charge Mr. Krueger with this offense in February of 1995. I won't permit that.
> They've kind of elected. . . .
> . . . .
> So I regard this as an election that the state is making here to abandon charging him with the earlier offense. They're charging him with one offense. They're gonna try to use this evidence of the other

---

[1] No. 95-CM–313, Circuit Court of Oneida County, Judge Robert E. Kinney.

[2] Wisconsin Stat. § 904.04(2) (1995–96) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

crime. If they do not succeed, they're not gonna be back here charging him again because they're done as a matter, I think, of due process, constitutional fairness.

¶ 7.   At trial on March 21, 1996, the State introduced the other acts evidence. The defendant's testimony in his own defense at trial included testimony about the February 17, 1995, conduct. The jury acquitted him on March 22, 1996.

¶ 8.   On February 13, 1997, the State filed charges in the present case against the defendant based upon the February 17, 1995, conduct that it had used as the other acts evidence in the prior trial.

¶ 9.   On March 12, 1997, the defendant moved the circuit court, Judge Kinney again presiding, to dismiss the complaint on the basis of the comments the circuit court made in ruling on the motion to admit other acts evidence in the prior prosecution. The circuit court dismissed the criminal complaint with prejudice on "general due process grounds."

¶ 10.   The State appealed the dismissal. Relying upon *Braunsdorf*, the court of appeals reversed the order of the circuit court and held that because the defendant had not claimed that his constitutional right to a speedy trial was violated, the court of appeals had no alternative but to reverse the circuit court's dismissal of the criminal case. The court of appeals concluded that a circuit court has no authority to admit evidence on a condition that prohibits the State from later exercising its discretion to prosecute on the basis of that evidence.

## II

¶ 11.   The defendant asks this court to reexamine *Braunsdorf*, 98 Wis. 2d 569, and to hold that a circuit

court has the inherent power to dismiss a criminal case with prejudice on the grounds of a circuit court's sense of fairness.[3] We decline to follow the defendant's proposal in this case.

¶ 12.   In *Braunsdorf*, this court carefully considered whether a circuit court has the inherent power to dismiss a criminal case with prejudice. The *Braunsdorf* court extensively reviewed Wisconsin cases, as well as cases from the federal courts and courts of other states, involving the inherent powers of a trial court to dismiss a prosecution with prejudice. After this extensive review, the *Braunsdorf* court concluded that "the trial courts of this state do not possess the power to dismiss a criminal case with prejudice prior to the attachment of jeopardy except in the case of a violation of a constitutional right to a speedy trial." *Braunsdorf*, 98 Wis. 2d at 586.

---

[3] The defendant relies on three federal cases to support his proposition that the circuit courts should, like the federal courts, have a broad inherent power to dismiss a criminal prosecution. *See United States v. Furey*, 514 F.2d 1098, 1104 (2d Cir. 1975) (dismissal of a prosecution with prejudice for prosecutorial delay not rising to constitutional dimensions); *Mann v. United States*, 304 F.2d 394, 397 (D.C. Cir.), *cert. denied*, 371 U.S. 896 (1962) (dismissal for want of prosecution but "not compelled by the Speedy Trial Clause"); *United States v. Mark II Electronics of Louisiana*, 283 F. Supp. 280, 284 (E.D. La. 1968) (dismissal for delay in prosecution on non-constitutional grounds). These federal cases are not persuasive. All three were decided prior to the *Braunsdorf* decision, and the *Furey* case was carefully considered in the *Braunsdorf* opinion. *See Braunsdorf*, 98 Wis. 2d at 580, 584. The *Furey* case, in turn, discusses both *Mann* and *Mark II*. *See Furey*, 514 F.2d at 1103–04.

¶ 13.　The *Braunsdorf* court recognized that a circuit court's power to dismiss a criminal case with prejudice before the attachment of jeopardy would be a great intrusion into the realm of prosecutorial discretion. The court concluded that "the balance weighs heavily in favor of society's interests, and for this reason we do not recognize such a power of dismissal with prejudice in criminal cases to be necessary by reason of public policy or economy of judicial resources." *Braunsdorf*, 98 Wis. 2d at 586.

¶ 14.　The defendant argues that the *Braunsdorf* holding should be expanded to recognize that a circuit court has the inherent power to dismiss a prosecution if the circuit court's sense of fairness has been violated. The defendant equates a violation of the circuit court's sense of fairness with a violation of due process.

¶ 15.　According to the circuit court, the defendant would face two types of unfairness were the State allowed to introduce the other acts evidence in the first prosecution and then bring a second prosecution based on the other acts evidence. First, the circuit court viewed it to be potentially unfair to the defendant to allow the State to bring both an earlier and later prosecution because the defendant would be unable to move to have the prosecutions consolidated to save himself the added economic and emotional expense of two consecutive prosecutions. Second, the circuit court viewed it as potentially unfair to allow the State to bring two such prosecutions because a due process concern might arise if the State introduced the defendant's testimony at the first trial against him during a second trial. In its ruling in the present case, the circuit court made the following comments about fairness:

But I felt at the time that fairness dictated that the state not be permitted to use in this case this same evidence again if they lost the original prosecution in a new case against Mr. Krueger. I believed that that was correct at the time as a matter of fairness. You're right, I didn't research it, but I did say it, and it was something that I expected that would be abided by. Now Mr. Krueger is in the position of facing a new prosecution based on this very thing. I don't know how we can level the playing field once again.

There are a number of things that have been lost, a number of things have gone over the dam that we can't get back. One of them has to do with this question of whether he would or would not have testified. Another would have been consolidation. He would have had a right to move to consolidate those two cases and have them tried at one time at considerable [less] expense to him economically and emotionally. He has been deprived of that by the procedure that's been followed by the state in this case.

. . . .
Well, I'm granting the motion to dismiss it on the basis of general due process. . . .

. . . .
. . . .I'm simply saying that under the circumstances as they existed in this case, due process dictates, requires that we not permit this prosecution to go forward.

¶ 16. The State argues that a circuit court does not have the inherent power to dismiss a complaint with prejudice on the two grounds set forth by the circuit court in the instant case.

¶ 17. First, the State asserts that the circuit court cannot dismiss this prosecution with prejudice on the ground that the State's second prosecution for a

different offense would impose on the defendant additional economic and emotional expense. The State argues that the circuit court's determination in this case about which charges the State should bring in one prosecution, rather than in successive prosecutions, is the type of intrusion into the realm of prosecutorial discretion that the *Braunsdorf* decision condemned. We agree with the State.

■

¶ 18.   Our cases have repeatedly acknowledged a prosecutor's broad discretion in determining whether to charge an accused,[4] which offenses to charge,[5] under which statute to charge,[6] whether to charge a single count or multiple counts when the conduct may be viewed as one continuing offense,[7] and whether to join all offenses in a single prosecution or to bring successive prosecutions.[8] In sum, a prosecutor generally has

---

[4] *State v. Annala*, 168 Wis. 2d 453, 472, 484 N.W.2d 138 (1992); *Sears v. State*, 94 Wis. 2d 128, 133, 287 N.W.2d 785 (1980); *State v. Karpinski*, 92 Wis. 2d 599, 607, 285 N.W.2d 729 (1979).

[5] *Sears v. State*, 94 Wis. 2d 128, 133, 287 N.W.2d 785 (1980).

[6] The legislature, recognizing that conduct may violate more than one criminal statute, has specifically granted a prosecuting attorney the power to choose the statute under which to proceed. *Sears v. State*, 94 Wis. 2d 128, 134, 287 N.W.2d 785 (1980). *See* Wis. Stat. § 939.65 (1995–96) providing that "[i]f an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions."

[7] *State v. Glenn* 199 Wis. 2d 575, 584, 545 N.W.2d 230 (1996); *State v. Lomagro*, 113 Wis. 2d 582, 587, 335 N.W.2d 583 (1983).

[8] The State may bring successive prosecutions as long as a subsequent prosecution requires "proof of a fact for conviction which the other does not require." *State v. Vassos*, 218 Wis. 2d

discretion whether to bring one or several charges and whether to join all offenses in a single prosecution or to bring successive prosecutions. Although there are limits upon the State's prosecutorial discretion to avoid arbitrary, discriminatory or oppressive results,[9] the court has explained that in general the district attorney is answerable to the people of the state and not to the courts or the legislature in the way he or she exercises prosecutorial discretion.[10] These cases leave no doubt that the State in this case had the discretion whether and when to charge the defendant for criminal acts that occurred with different victims five months apart.

¶ 19.  Nevertheless the circuit court and the court of appeals perceived an unfairness in the State's bringing this prosecution. In reversing the order of the circuit court, the court of appeals commented that its holding "does not mean that this court approves of the State's decision to prosecute this case." The court of appeals agreed with the circuit court that it seemed unfair for the State to have another chance to convict the defendant using the same evidence used in the earlier trial, which resulted in a jury's not guilty verdict. The unfairness that both the circuit court and court of appeals discerned does not, however, rise to the level of oppressive conduct warranting judicial circum-

---

330, 334–35, 579 N.W.2d 35 (1998); Wis. Stat. § 939.71 (1995–96).

[9] *State v. Karpinski*, 92 Wis. 2d at 608–09. *See also State v. Annala*, 168 Wis. 2d at 472 (abuse of prosecutorial discretion to bring charges when evidence is clearly insufficient to support conviction; constitutional violation possible in selective prosecution deliberately based on an unjustified standard such as race, religion or other arbitrary classification).

[10] *State v. Annala*, 168 Wis. 2d at 473.

scription of prosecutorial discretion. The defendant does not, and cannot, assert in the present case that this prosecution violates any limitation imposed on prosecutorial discretion.

¶ 20.    We conclude that the State's exercise of discretion to proceed with the prosecution in the instant case falls within the generally accepted bounds of a prosecutor's discretion in deciding whether to prosecute and how to prosecute. Adhering to well-accepted law governing prosecutorial discretion in charging decisions, we conclude that the State lawfully exercised its charging discretion in bringing the present prosecution. The circuit court's conclusion that the State's conduct violated a sense of fairness cannot displace the State's lawful exercise of well accepted prosecutorial discretion.

¶ 21.    The second type of unfairness that the circuit court perceived in its ruling dismissing the criminal complaint was a concern about a violation of due process if the State were allowed to introduce the defendant's testimony at the first trial against the defendant in a second prosecution. During oral argument to this court, the State recognized that on remand there could be a question of fundamental fairness, that is, due process, should the State seek to use the defendant's testimony at the prior trial in a second trial. That issue has not yet arisen, and we therefore do not address it.

¶ 22.    Finally the defendant argues that the State is precluded from bringing this prosecution. He argues that the state waived its right to bring this second prosecution by electing to introduce the other acts evidence in the earlier prosecution and that the State is therefore estopped from filing a complaint based on the

February 17, 1995, conduct. Specifically, the defendant argues that the State made this claimed election and waiver by failing to object to the circuit court's comments concerning unfairness.

¶ 23.   At the admissibility hearing, the circuit court announced that if the State went to trial and did not succeed it would dismiss a subsequent prosecution if one were brought on the basis of the other acts evidence. The circuit court further remarked that it considered the prosecutor's silence as a "kind of" election not to bring such a subsequent prosecution. Although the circuit court had no authority to grant admission of the other acts evidence upon a condition that would constrain the prosecuting attorney's charging discretion, this case might well not have come to us had the prosecuting attorney alerted the circuit court to its lack of authority to bind prosecutorial discretion. We do not, however, view the failure of the prosecutor to alert the circuit court as rising to the level of an election or waiver under the circumstances of this case. The circuit court gave warning of a dismissal of a later prosecution. The State was not required to object to the circuit court's warning until the State brought the prosecution and the defendant moved the circuit court to dismiss. Any issues arising from the defendant's testifying in the prior prosecution on his understanding that the circuit court would dismiss a second prosecution will be determined as this case progresses on remand.

¶ 24.   In conclusion, this court, like the court of appeals, adheres to the reasoning and precedent of *Braunsdorf*. The defendant has presented no facts justifying an expansion of the inherent powers of the

Wisconsin courts to dismiss a criminal complaint with prejudice prior to the attachment of jeopardy when the defendant's constitutional right to a speedy trial is not implicated. Accordingly, we affirm the decision of the court of appeals reversing the order of the circuit court.

*By the Court.*—The decision of the court of appeals is affirmed.