In the interest of Colton M., a person
under the age of 17:
STATE of Wisconsin, Petitioner-Respondent,

v.

COLTON M., Respondent-Appellant.†

Court of Appeals

*No. 2014AP2419. Submitted on briefs August 25, 2015.
—Decided November 3, 2015.*

2015 WI App 94

(Also reported in 875 N.W.2d 642.)

† Petition for Review denied.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Devon M. Lee*, assistant state public defender of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the briefs of *Lesli Pluster*, assistant district attorney, Wausau; and *Daniel J. O'Brien*, assistant attorney general, and *Brad D. Schimel*, attorney general.

Before Stark, P.J., Hruz and Seidl, JJ.[1]

¶ 1. STARK, P.J. Colton M. appeals a dispositional order adjudicating him delinquent for repeated sexual assault of the same child in violation of Wis. Stat. § 948.025(1)(e).[2] Colton argues § 948.025(1)(e) is

[1] The Chief Judge's order dated April 2, 2015 converted this appeal from a one-judge to a three-judge panel.

[2] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

122

unconstitutional as applied to him, a child under the age of sixteen, and therefore the delinquency finding against him should be vacated. We disagree and affirm the order.

## BACKGROUND

¶ 2. Colton was charged in juvenile court with repeated sexual assault of a child; exposing a child to harmful material, a violation of Wis. Stat. § 948.11(2)(a); and exposing genitals or pubic area, a violation of Wis. Stat. § 948.10(1), (1)(b). The State alleged that between February 1, 2013, and June 30, 2013, Colton bribed and forced D. to engage in sexual activity and contact.

¶ 3. Colton and D. are one day apart in age and were both fifteen years old when the conduct described in the delinquency petition occurred. According to that petition, D. reported to police that Colton snuck out of his house and came over to D.'s house on four occasions. D. stated sexual contact or masturbation occurred on the second, third, and fourth occasions. D. explained Colton initially bribed him with a video game, and the masturbation started after Colton asked D. to play Truth or Dare. D. also stated Colton brought pornography with him and would masturbate to the pornography. D. reported that during Colton's last visit to the house, Colton forced him to engage in sexual contact. D. also told police he asked Colton to stop each time and described Colton as aggressive and relentless. D. further explained he was afraid of Colton and thought Colton might pull a knife on him.

¶ 4. Colton told police that the first time he snuck out of his house he was "having that sexual urge," so he went on a "[fifteen] minute run" to D.'s

house and asked D. to masturbate. D. declined, so Colton "begged him," and D. eventually complied. According to Colton, "there was no touching the first time." Colton stated that on subsequent occasions he and D. would view pornography and masturbate or "masturbate[] each other." Colton also reported he once offered D. a video game in exchange for anal sex. Colton then corrected himself and explained, "actually" he gave D. a choice: "It was either going to be oral or anal, and [D.] chose anal." Colton denied ever using force against D. Colton estimated that during the relevant time frame, he had sexual contact or intercourse with D. five or six times. The petition further indicated that Colton had a history of serious sexual assault charges and had recently returned from a thirteen-month out-of-home residential placement, where he was receiving treatment for his sexual behaviors.

¶ 5. Colton moved to dismiss the charge of repeated sexual assault of a child. Colton argued Wis. Stat. § 948.025(1)(e), as applied to him, was unconstitutionally vague and violated his equal protection rights. The circuit court issued a written decision denying the motion. Following a fact-finding hearing, the court adjudicated Colton delinquent of repeated sexual assault of a child. In so doing, the court determined there was sexual contact on multiple occasions between Colton and D. *See* Wis. Stat. § 948.01(5)(a). The remaining counts in the petition were dismissed and read in. Colton now appeals.

## DISCUSSION

██ ██

¶ 6. Whether a statute is constitutional is a question of law, which we review de novo. *State v. McGuire,*

2010 WI 91, ¶ 25, 328 Wis. 2d 289, 786 N.W.2d 227. We ordinarily presume a statute is constitutional and, therefore, the challenging party must demonstrate the statute is unconstitutional beyond a reasonable doubt. *Id.* Colton asserts applying WIS. STAT. § 948.025(1)(e) to him, under circumstances in which the statute defines him as both a victim and an offender, violates his due process and equal protection rights.[3] We conclude § 948.025(1)(e), as applied to Colton, is not unconstitutionally vague beyond a reasonable doubt and, therefore, his delinquency adjudication under that statute does not violate his due process rights. We also conclude the prosecutor's decision to charge Colton and not D. was not made on a discriminatory basis and, therefore, did not violate Colton's right to equal protection.

## 1. Colton's Due Process Claim

¶ 7. Due process requires that a criminal statute provide "fair notice and proper standards for adjudication." *State v. Courtney,* 74 Wis. 2d 705, 709, 247 N.W.2d 714 (1976). When a statute fails in either of these respects it is void for vagueness. *State v. Popanz,* 112 Wis. 2d 166, 172, 332 N.W.2d 750 (1983). "There is no simple litmus-paper test to determine whether a criminal statute is void for vagueness." *Id.* Rather, the statute must be "sufficiently definite to give a person of ordinary intelligence who seeks to avoid its penalties

---

[3] The Attorney General's brief advances, in a single paragraph, that Colton's appeal is a "global challenge" to the statute. However, with the exception of that single paragraph, the entirety of the Attorney General's brief analyzes the issues as an as-applied challenge. We view Colton's appeal to be an as-applied challenge to the statute and analyze it as such.

fair notice of conduct required or prohibited." *Id.* at 173. The statute also must be sufficiently definite to "allow law enforcement officers, judges, and juries to apply the terms of the law objectively to a defendant's conduct in order to determine guilt without having to create or apply their own standards." *Id.* (citing *Courtney*, 74 Wis. 2d at 711). However, due process does not demand that "the line between lawful and unlawful conduct be drawn with absolute clarity and precision." *Courtney*, 74 Wis. 2d at 710. "A fair degree of definiteness is all that is required." *Id.* (quoting *Ministers Life & Cas. Union v. Haase*, 30 Wis. 2d 339, 362, 141 N.W.2d 287 (1966)).

¶ 8. Colton was adjudicated delinquent under WIS. STAT. § 948.025(1)(e), which provides:

> Whoever commits [three] or more violations under [WIS. STAT. §] 948.02(1) or (2) within a specified period of time involving the same child is guilty of . . . [a] Class C felony if at least [three] of the violations were violations of [§] 948.02(1) or (2).

Subsection 948.02(2), in turn, provides:

> (2) SECOND DEGREE SEXUAL ASSAULT. Whoever has sexual contact or sexual intercourse with a person who has not attained the age of [sixteen] years is guilty of a Class C felony.

Sexual contact is defined, in relevant part, as

> [a]ny of the following types of intentional touching, whether direct or through clothing, if that intentional touching is either for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant:

126

1. Intentional touching by the defendant or, upon the defendant's instruction, by another person, by the use of any body part or object, of the complainant's intimate parts.

2. Intentional touching by the complainant, by the use of any body part or object, of the defendant's intimate parts or, if done upon the defendant's instructions, the intimate parts of another person.

WIS. STAT. § 948.01(5)(a).

██

¶ 9. The statute clearly provides fair notice of the conduct it prohibits. *See Courtney*, 74 Wis. 2d at 709 (a statute must provide fair notice of the conduct it prohibits). As relevant here, WIS. STAT. § 948.025(1)(e) prohibits a person from engaging in sexual contact on three or more occasions with another person who has not reached the age of sixteen. Sexual contact occurs when intentional touching is done "either for the purpose of *sexually degrading or sexually humiliating the complainant* or *sexually arousing or gratifying the defendant.*" WIS. STAT. § 948.01(5)(a) (emphasis added). The statute provides an objective standard for law enforcement and prosecutors to follow as it makes clear that every person who engages in sexual contact with a child under the age of sixteen for the purposes described is strictly liable. *See Courtney*, 74 Wis. 2d at 709 (a statute must provide proper standards for adjudication).

¶ 10. Nonetheless, Colton argues the statute is vague because it fails to provide guidelines to determine which actor was the victim and which was the offender. Colton asserts he and D. were both offenders and victims under WIS. STAT. § 948.025(1)(e) because they each engaged in sexual contact and were under the age of sixteen. Therefore, the statute allows a

prosecutor to impermissibly rely on his or her personal biases in deciding which of two juveniles to prosecute. Colton contends that if the statute incorporated guidelines similar to the factors in WIS. STAT. § 301.45(1m)(e),[4] "the constitutional infirmity could be mitigated." Absent such guidelines, however, Colton claims the statute violates his due process rights.

¶ 11. Colton correctly observes a juvenile under the age of sixteen could be both a victim and an offender under the statute. However, we disagree with Colton's claim that he is a victim under the facts in this case. The evidence in the record supports the trial court's conclusion that Colton engaged in sexual contact with D. for the purpose of sexual arousal or gratification. The record fails to demonstrate the same

---

[4] WISCONSIN STAT. § 301.45(1m)(e) contains a list of factors a court may consider in deciding whether to require a minor to register as a sex offender, which include:

1. The ages, at the time of the violation, of the person and of the child with whom the person had sexual contact or sexual intercourse.

2. The relationship between the person and the child with whom the person had sexual contact or sexual intercourse.

3. Whether the violation resulted in bodily harm, as defined in [WIS. STAT. §] 939.22(4), to the child with whom the person had sexual contact or sexual intercourse.

4. Whether the child with whom the person had sexual contact or sexual intercourse suffered from a mental illness or mental deficiency that rendered the child temporarily or permanently incapable of understanding or evaluating the consequences of his or her actions.

5. The probability that the person will commit other violations in the future.

6. The report of the examination conducted under par. (d).

7. Any other factor that the court determines may be relevant to the particular case.

regarding D. Rather, the record indicates D. was an unwilling participant that had to be bribed, coerced, or otherwise forced into sexual contact with Colton.

¶ 12. In further support of his argument that he is a victim, Colton asserts "that it violates due process to find a child who is deemed to be incapable of consenting to sexual conduct to be capable, in the sense of implicating criminal liability, for the same conduct." As Colton explains,

> Holding a juvenile criminally liable who is in the same class as the children the statute is intended to protect runs directly counter to the research on the child and adolescent development that drove the Supreme Court's analysis in its recent cases because it does not recognize the diminished culpability of juveniles.[5]

We fail to see how this argument advances Colton's due process claim. The cases cited by Colton relate to Eighth Amendment considerations of cruel and unusual punishment of juveniles for conduct in which they may have diminished culpability, *see Miller v. Alabama*, 132 S. Ct. 2455 (2012); *Graham v. Florida*, 560 U.S. 48 (2010); *Roper v. Simmons*, 543 U.S. 551 (2005), and whether a child's age should inform the Miranda analysis, *see J.D.B. v. North Carolina*, 131 S. Ct. 2394 (2011). These cases do not relieve persons of responsibility for criminal acts because they were juveniles at the time the acts were committed and, as a result, do not inform whether a juvenile's due process rights are violated if they are held criminally liable for

---

[5] Colton cites the following Supreme Court cases to support his position: *Miller v. Alabama*, 132 S. Ct. 2455 (2012); *J.D.B. v. North Carolina*, 131 S. Ct. 2394 (2011); *Graham v. Florida*, 560 U.S. 48 (2010); and *Roper v. Simmons*, 543 U.S. 551 (2005).

having sexual contact with another child under the age of sixteen. The statute clearly prohibits all persons from engaging in sexual contact with a child under the age of sixteen.[6] There is no indication in the statute that children under sixteen years of age are exempt from being charged with a violation of the statute when their conduct meets the statutory elements.

¶ 13. A significant portion of Colton's due process argument is centered on the analysis of two cases from other jurisdictions, *In re D.B.*, 950 N.E.2d 528 (Ohio 2011), and *In re B.A.M.*, 806 A.2d 893 (Pa. Super. Ct. 2002). However, we decline to follow the reasoning of *D.B.* and *B.A.M.* as they did not analyze the due process issues raised here. *D.B.*'s analysis did not follow a due process constitutional construct, and none of the statutes at issue in these cases contain comparable language to that found in WIS. STAT. § 948.01(5)(a), which, when sexual contact is alleged, requires the State to prove beyond a reasonable doubt that the intentional touching was done either for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant. We instead find persuasive the analysis of *In re B.A.H.*, 845 N.W.2d 158 (Minn. 2014), *cert. denied*, 135 S. Ct. 208. In *B.A.H.*, the court rejected an appellant's as-applied vagueness challenge to a statute that criminalizes sexual penetration with a child who is less than sixteen years old and with whom the person has a significant relationship. *Id.* at 161. Both the offender and victim in that case were under the age of sixteen. *Id.*

---

[6] Both WIS. STAT. § 948.02(1) and (2) use the term "whoever."

## 2. Colton's Equal Protection Claim

■

¶ 14. Colton next argues that charging him with repeated sexual assault of a child violated his right to equal protection because he was similarly situated to D. Colton does not argue that the statute itself creates an impermissible classification but, instead, that the assistant district attorney's decision to "single[] [him] out for prosecution under a statute in which he and his friend were both perpetrator and victim" violates his equal protection rights.

■

¶ 15. "A basic consideration to the question of equal protection in the enforcement of laws is that 'all persons similarly circumstanced shall be treated alike.' " *State v. Johnson*, 74 Wis. 2d 169, 173, 246 N.W.2d 503 (1976) (quoting *Reed v. Reed*, 404 U.S. 71, 76 (1971)). Colton insists, "Because [he] and [D.] were [fifteen] years old when the events in this case occurred, they were both members of the class protected by the statute." However, we disagree with Colton's claim that he and D. were similarly situated simply because both boys were fifteen years of age. The evidence in the record suggests the contrary. In particular, the record reflects D.'s unwillingness to participate in the sexual contact. Moreover, the record fails to indicate D. engaged in sexual contact with Colton for the purpose of his own arousal or gratification or to degrade or humiliate Colton, as required under the statute. *See* WIS. STAT. § 948.01(5)(a).

■

¶ 16. Even if we were to assume Colton and D. were similarly situated, a district attorney in Wisconsin has great discretion in deciding whether to pros-

131

ecute a particular case. *See Sears v. State*, 94 Wis. 2d 128, 133, 287 N.W.2d 785 (1980). A district attorney's exercise of discretion "necessarily involves a degree of selectivity." *Id.* at 134. The conscious exercise of some selectivity in the enforcement of a statute does not in itself amount to an equal protection violation. *Id.* Rather, "it is the selective, persistent and intentionally discriminatory prosecution in the absence of a valid exercise of prosecutorial discretion that violates a defendant's equal protection rights and constitutes a defense to the charge." *State v. Barman*, 183 Wis. 2d 180, 187, 515 N.W.2d 493 (Ct. App. 1994); *see also State v. Annala*, 168 Wis. 2d 453, 472, 484 N.W.2d 138 (1992) (the decision to prosecute cannot be deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification).

¶ 17. Moreover, the prosecutor testified during the motion hearing to the reasons for charging Colton but not D. with repeated sexual assault of a child. After summarizing the facts in the delinquency petition, the prosecutor explained:

> So basically I . . . outline those differences to show the court that in order for the [S]tate to treat [D.] and Colton differently, the [S]tate has to be acting with a rational basis behind that. I've . . . tried to show the court that I believe that there's a strong factual basis to treat these juveniles individually.
>
> I would agree that if there was no history, that if [D.] and . . . [Colton] engaged in these acts completely consensually and the [S]tate chose to prosecute just Colton and not [D.], I think there would be a problem because the [S]tate wouldn't have a rational basis for doing that, but there is a rational basis for treating them differently in this case.

Additionally one reason that the [S]tate is also concerned about whether it would be appropriate to prosecute [D.] similarly to [Colton] is basically the definition of sexual contact. The [S]tate would have to show that [D.] . . . engaged in this, for either the purpose of sexually degrading or sexually humiliating the complainant, I'm assuming that would translate to [Colton], or sexually arousing or gratifying [Colton] [sic] . . . .

Certainly the argument could be made that, at least under what has been included in the petition, it's not entirely 100 percent clear that he was engaging in this behavior for sexual arousal or gratification.

I could see an argument being made that he was engaging in the acts for a quid pro quo, to . . . obtain this . . . game, to comply with Colton's request. Now, whether that would prevent his prosecution, I'm not sure, but I do believe that there is a substantial difference with regard to the positions of [Colton] and [D.].

The State provided a rational and proper basis for its decision to charge Colton and not D., including the nonconsensual nature of the contact, with Colton acting as the aggressor, and Colton's history of serious sexual assault charges. That decision was within the State's discretion. *See Sears*, 94 Wis. 2d at 133–34.

*By the Court.*—Order affirmed.