NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 16, 2009[*]
Decided April 28, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2293

| | |
|---|---|
| FIDELIS I. OMEGBU, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Eastern District of |
| | Wisconsin. |
|     *v.* | |
| | No. 05-C-596 |
| MILWAUKEE COUNTY, et al., | |
|     *Defendants-Appellees.* | Rudolph T. Randa, |
| | *Chief Judge.* |

**O R D E R**

Fidelis Omegbu wanted to run for public office in Milwaukee County, but his plans were thwarted when he was convicted of election fraud and jailed. He then brought this lawsuit under 42 U.S.C. § 1983 against a multitude of defendants including the Milwaukee

---

[*] Appellees Wisconsin Election Board, Milwaukee County District Attorney's Office, E. Michael McCann, and Michael Mahoney have not submitted a brief and are not participating in this appeal. After examining appellant's brief, the remaining appellees' brief, and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

County District Attorney's office, the district attorney (DA), and an assistant district attorney, claiming that his civil rights were violated when he was selectively prosecuted on the basis of his race and national origin (Nigerian) and raising various state-law claims. The court granted a motion to dismiss brought by the DA's office and prosecutors, reasoning that the office was not a suable entity and, in any event, was entitled to sovereign immunity as Wisconsin's prosecutorial arm, and that the individual prosecutors were absolutely immune from suit. The court later declined to exercise supplemental jurisdiction over the state-law claims against the other defendants. We affirm.

Omegbu argues that he stated a claim that he was illegally prosecuted on the basis of his race and national origin by alleging that certain other, presumably white, residents of Milwaukee County were not prosecuted for committing election fraud.

As a threshold matter, however, the DA's office and the prosecutors who decided to charge him cannot be sued. The Milwaukee County DA's Office is not a suable entity; each Wisconsin county is a "prosecutorial unit" headed by an elected DA and staffed by deputy or assistant DAs, who are state, and not county, employees. Wis. Stat. §§ 978.01, 978.03, 978.04; *Ameritech Corp. v. McCann*, 403 F.3d 908, 910 (7th Cir. 2005); *Ass'n of State Prosecutors v. Milwaukee County*, 544 N.W.2d 888, 889 (Wis. 1996); *see also* Wis. Stat. § 17.19 (listing "district attorney" as an "elective *state* office") (emphasis added). Furthermore, oversight of the DAs' budgets is entrusted to the Wisconsin Department of Administration, not the individual counties. *See* Wis. Stat. § 978.11. Thus, the "Milwaukee County District Attorney's Office" is merely a division of the state of Wisconsin, and a state is not a "person" that can be sued under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 694 (7th Cir. 2007). *Accord Buchanan v. Kenosha*, 57 F. Supp. 2d 675, 679 (E. D. Wis. 1999) (concluding that the Kenosha County DA's office is not a suable entity).

As for the individual prosecutors, they are entitled to absolute immunity from suit for exercising their discretion to bring charges during the judicial phase of the criminal process, even if the decision is made maliciously. *See Imbler v. Pachtman*, 424 U.S. 409, 428-29 (1976); *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006); *Spiegel v. Rabinovitz*, 121 F.3d 251, 256-57 (7th Cir. 1997). Furthermore, even if immunity did not shield these defendants, Omegbu's claim would nonetheless fail because it is barred under the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). A plaintiff seeking to recover damages under § 1983 for an "allegedly unconstitutional conviction" or "actions whose unlawfulness would render a conviction or sentence invalid," must first have the conviction "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas

corpus." *Heck*, 512 U.S. at 486-87. A decision here that Omegbu was selectively prosecuted would mean that his conviction was unlawful, *see United States v. Armstrong*, 517 U.S. 456, 463-64 (1996); *Kramer v. Vill. of N. Fond Du Lac*, 384 F.3d 856, 862 (7th Cir. 2004); *State v. Johnson*, 246 N.W.2d 503, 507 (Wis. 1976); thus his equal-protection claim is barred under *Heck*.

Omegbu devotes most of his attention to asserting for the first time that some of Wisconsin's election laws are unconstitutional and were enacted in violation of the Voting Rights Act of 1965, 42 U.S.C. § 1973. But Omegbu did not raise in his complaint any claims related to the legality of Wisconsin's election procedures, and he cannot amend his complaint on appeal. *Joyce v. Morgan Stanley & Co.*, 538 F.3d 797, 801-02 (7th Cir. 2008).

Finally, Omegbu takes issue with the district court's decisions to reject his repeated efforts to compel discovery and requests for sanctions after the defendants purportedly refused to comply with his discovery demands. But the district court acted well within its discretion when it denied Omegbu's requested relief. *See Walker v. Sheahan*, 526 F.3d 973, 977-78 (7th Cir. 2008). As the court pointed out, Omegbu was not entitled to prevail on his motion to compel discovery because he failed to make a good-faith effort to resolve discovery disputes before asking the court to intervene. *See* FED. R. CIV. P. 37(a)(1); *Employers Ins. of Wausau v. Titan Int'l, Inc.*, 400 F.3d 486, 490 (7th Cir. 2005). And Omegbu's calls for sanctions were frivolous because the defendants did not violate any court order. FED. R. CIV. P. 37(b); *Employer's Ins.*, 400 F.3d at 490.

AFFIRMED